## JIM NICHOLS v. THE STATE.

### No. 5277.   Decided February 5, 1919.

**1.—Carrying Pistol—Statement of Facts.**

Where the alleged statement of facts is not approved by the trial judge it can not be considered on appeal.

**2.—Same—Jurat—Amendment.**

Upon trial of unlawfully carrying a pistol, there was no error to permit State's counsel to orally move in open court for permission to amend the complaint by adding the jurat by the officer before whom the affidavit was made. Following Flournoy v. State, 51 Texas Crim. Rep., 29, and other cases.

Appeal from the County Court of Kaufman. Tried below before the Hon. J. P. Coon.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Lee R. Stroud,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carry-

ing a pistol in violation of the law, his punishment being assessed at a fine of $100.

The statement of facts found in the record is not approved by the trial judge, therefore can not be considered.

There is a bill of exceptions reciting that after announcement of ready for trial and after the jury was sworn it was discovered that the jurat to the complaint was in some way omitted. The prosecuting officer moved the court for permission to amend the complaint by adding the jurat. The officer before whom the affidavit was made was present and introduced, and under his testimony the court permitted the jurat to be added. Under the authorities we are of opinion that the court was within the law in permitting this amendment. Appellant, we suppose, emphasizes this fact because the motion to amend was made orally instead of in writing. We do not believe that it was necessary that it should be in writing. The motion was made in open court, and the testimony admitted in connection with it, showed the officer complied with the law as found by the trial court. This, we think, might be done orally, at least we so understand the decisions. Flournoy v. State, 51 Texas Crim. Rep., 29; Nieman v. State, 29 Texas Crim. App., 360; Sanders v. State, 52 Texas Crim. Rep., 156.

There being no error on the part of the court in permitting the addition of the jurat under the circumstances, we think the judgment ought to be affirmed, and it is accordingly so ordered.

*Affirmed.*