### W. GANO COMPERE V. THE STATE.

No. 10676.   Delivered March 16, 1927.

Rehearing denied June 8, 1927.

**1.—Violating Medical Practice Act — Constitutionality of Statute — Held Valid.**

While it may be conceded that Art. 739 of our P. C., if construed alone, might be held ambiguous, when considered in the light of the civil statute, pertaining to the Medical Practice Act, said Art. 739 is not ambiguous, vague, or uncertain by reason of failing to define the terms "lawful authority." Nor do we believe that Sec. 3 of Art. 6, P. C., restricts this court, in its construction of Art. 739, to that article alone, and said Art. 739 is now held constitutional.

**2.—Same—Complaint—Amending Jurat—Held Proper.**

There was no error in permitting the county attorney to amend the jurat to the complaint, by adding thereto the name of the officer before whom it was made. See Flournoy v. State, 51 Tex. Crim. Rep. 29, and other cases cited.

**3.—Same—Jury Panel—Motion to Quash—Properly Denied.**

There was no error in refusing to quash the jury panel because the jury commissioners which selected the jury in this case were not from different parts of the county. Our civil statutes pertaining to the selection of jury commissioners are directory, and not mandatory, and this court will not reverse a case because of the failure to follow, strictly, the civil statutes, unless injury is shown. See Whittle v. State, 43 Tex. Crim. Rep. 468, and other cases cited.

**4.—Same—Challenge of Juror—For Cause—No Error Shown.**

Where appellant complains of the refusal of the court to sustain his

challenge of a juror for cause, and his bill of exception discloses that he challenged the juror peremptorily, as presented in his bill, no error is shown.

**5.—Same—Requested Charge—On Issue Not Raised—Properly Refused.**

Where the evidence disclosed that appellant had treated the patient as a chiropractor, there was no error in refusing his special charge to the effect that masseurs are not amenable to the Medical Practice Act, there being no evidence that appellant treated the patient as a masseur.

**6.—Same—Requested Charge—Covered by Main Charge—Properly Refused.**

Where appellant complains of the refusal of the trial court to give his special charge presenting his defensive theory, and the court's main charge correctly presented such issues, there was no error in refusing the requested charge.

**7.—Same—Requested Charge—Properly Refused.**

Where appellant requested a charge to the effect that "physicians and surgeons" and the words "treat or offer to treat disease and disorders" are to be taken in the sense in which they are ordinarily used, there being no facts in evidence calling for such charge, there was no error in refusing it.

ON REHEARING.

**8.—Same — Challenge of Juror — For Cause — Practice on Appeal — Rule Stated.**

It is the established rule that to secure a reversal for the failure of the trial court to sustain a challenge of a juror for cause, it must appear, on appeal, that some injury to appellant resulted in forcing an objectionable juror on the jury. See Sanchez v. State, 235 S. W. 736, and authorities there cited.

**9.—Same—Statute Construed.**

This court is unable to agree with appellant's contention that Art. 5733 became extinct on September 1, 1925, by being superseded by Art. 4495, Rev. Civ. Stats. of 1925, and that the then existing medical board appointed under Art. 5733, also became extinct. The proper construction of Sec. 2 of R. S. 1925, p. 2419, is that which would give effect to Art. 4495 as a continuance of Art. 5733, and that the two-year tenure of the Board of Medical Examiners appointed by virtue of Art. 5733, would not be interrupted.

**10.—Same—Practice on Appeal Court—On Motions Presented, in Trial Court.**

Where a motion is presented in the trial court, which avers a fact, proof of the fact averred must be disclosed. The motion being a mere pleading, to give effect to its averments, upon appeal, proof of it would be essential.

Appeal from the County Court of Hidalgo County. Tried below before the Hon. Oliver C. Aldrich, Special Judge.

Appeal from a conviction for a violation of the Medical Practice Act, penalty a fine of $150 and one day in the county jail.

The opinion states the case.

*J. Q. Henry* of Mission and *Neal A. Brown* of Edinburg, for appellant. On the unconstitutionality of Medical Practice Act, appellant cites: Cogdell v. State, 193 S. W. 375; Ex Parte Leslie 223 S. W. 227; Johns v. State, 271 S. W. 926; Griffin v. State, 218 S. W. 494; Smith v. State, 268 S. W. 742, and Russell v. State, 228 S. W. 566.

*Chas. L. Black, Robert M. Turpin; Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of violating the Medical Practice Act, and his punishment assessed at a fine of $150 and one day in the county jail.

The record discloses that the appellant was a chiropractor, and that he treated or "adjusted" Mrs. George Rouse, for which he accepted pay, without having first obtained a license from the State Board of Medical Examiners, or without having a diploma from some reputable medical college, with the verification license from said medical board, and having same properly registered with the district clerk of said county, as required by law.

The appellant strenuously insists that Art. 739, P. C., under which this conviction was had, is unconstitutional and in conflict with Art. 6, P. C., in that it is vague, indefinite, and uncertain in requiring an applicant for medical license to register with the district clerk of the county in which he resides, "lawful authority to so practice medicine as herein prescribed," etc., without properly defining what is meant by "lawful authority," and that the trial court committed reversible error in refusing to quash the information and complaint by reason thereof. In other words, it is the appellant's contention that the legislature, in adopting the 1925 Penal Code and by use of the words set out in Sec. 3 to the effect that, "All penal laws and all laws relating to criminal procedure in this state that are not embraced in this act and that have not been enacted during the present session of the legislature be and the same are hereby repealed. All laws and parts of laws relating to crime omitted from this act have been intentionally omitted. * * * And the articles contained in this Act as revised, rewritten, changed, combined and codified shall not be construed as a continuation of former laws except as otherwise herein provided," intended to prohibit this court from taking into consideration, in construing Art. 739, supra, the civil statutes relative to the procedure of the medical board in

granting permits and certificates to applicants who desire to practice medicine. Looking at Art. 739 alone, without the aid of said civil statutes, it is true that it would be impossible to determine just what is meant by "lawful authority." However, we are not in accord with the contention of appellant's counsel that the legislature, in adopting this code, intended, under Sec. 3, to prohibit this court from referring to and taking into consideration the civil statutes pertaining to the Medical Practice Act, as herein urged. We are of the opinion that the legislature only intended, in enacting Sec. 3, to meet the former decisions of this court, in construing former codifications of the penal laws, which held that the codifiers having failed to bring forward in said codes certain penal statutes, same were not invalidated or repealed by reason thereof. In keeping with this view, we are of the opinion that the trial judge was not in error in refusing to sustain the appellant's motion to quash the information and complaint, and that Art. 739, when considered in the light of the civil statutes, is not ambiguous, vague, or uncertain, by reason of failing to define the term "lawful authority."

The appellant also complains of the action of the court in permitting the County Attorney to amend the jurat to the complaint by adding thereto the name of the officer before whom it was made. The amendment was made before the trial began. There was no error in the court's action in this respect. Flournoy v. State, 51 Tex. Crim. Rep. 29; Cubine v. State, 151 S. W. 301; Adams v. State, 192 S. W. 1067; Nichols v. State, 208 S. W. 931.

In bill of exception No. 1 the appellant complains of the refusal of the court to sustain his motion to quash the jury panel because the jury commissioners who selected the jury were not from different parts of the county, but were all from the city of Edinburg, in said county, and because the jurors selected by the jury commission were taken largely from the towns of Edinburg, McAllen and Pharr, and were not uniformly selected from over the county at large. This court has held that the civil statutes relative to selecting jury commissioners, and relative to other matters complained of by appellant herein, are directory and not mandatory, and that the appellant must show some injury resulting to him before this court will reverse a case because of a failure to follow strictly the civil statutes in question pertaining to such matters. This the appellant has not done. Whittle v. State, 43 Tex. Crim. Rep. 468, 66 S. W. 771; Williams v. State, 45 Tex. Crim. Rep. 218, 75 S. W. 859; Walker v. State, 267 S. W. 988.

In bill No. 2 complaint is made to the action of the court in

refusing to sustain the appellant's challenge for cause to the juror, McKenzie. This bill of exception shows that the appellant peremptorily challenged the juror in question and struck his name from the list, and that he did not sit in the case. The bill, as presented, shows no error.

Bill No. 5 complains of the refusal of the court to give in charge to the jury appellant's special charge No. 2, to the effect that masseurs are not amenable to the Medical Practice Act, and that if the jury believed from the evidence that the appellant was acting at the time in the capacity of a masseur, to acquit him. We are of the opinion that there was no error in the refusal of this charge, as the uncontradicted testimony shows that the witness Rouse called the appellant to treat his wife as a chiropractor, that the said Rouse knew the methods of treatment used by chiropractors, that Rouse's wife had been under the treatment of chiropractors for several years prior to this instance, and that the appellant "adjusted" her spine as a chiropractor.

Bill of exception No. 6 complains of the refusal of the court to give in charge to the jury appellant's special charge No. 3 to the effect that although the jury should not believe that the appellant had lawful authority to practice medicine in this state, still they could not convict him unless they further believed beyond a reasonable doubt that he treated or offered to treat a disease or disorder of Mrs. George Rouse's in said county about the time alleged in the information. We think there was no error in refusing to give this charge, as the court's general charge sufficiently covered this phase of the case.

Bill No. 7 complains of the refusal of the court to give in charge to the jury appellant's special charge No. 4 to the effect that "physicians and surgeons" and the words "treat or offer to treat disease and disorders" are to be taken in the sense in which they are ordinarily used. We are unable to see any error in the refusal to give this charge, and are of the opinion that the facts in this case did not call for such a charge.

Finding no reversible error in the record, after a careful examination thereof, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The trial court overruled the appellant's challenge for cause of a member of the jury panel. He was excused upon the peremptory challenge of the appellant. We are not prepared to agree with the appellant's contention that the juror was properly subject to challenge for cause. If it be assumed, however, that the trial court erred in refusing to sustain the challenge for cause, this court is not authorized to and would not reverse the case for the error unless it inured to the injury of the appellant. The law allowed him three peremptory challenges. He used one of them in disposing of the juror mentioned. He had two peremptory challenges remaining, which he was privileged to use upon any person objectionable to him offered as a juror. The record fails to show that he used either of them, and also fails to show that any juror objectionable to him sat in the case. In a recent case it was said:

"The established rule appears to be that to secure a reversal by reason of an erroneous failure of the trial judge to sustain the challenge of veniremen for cause the bill of exceptions must show injury, and where the bill fails to show that the error resulted in forcing upon the jury, against appellant's will, an objectionable juror, it is insufficient to comply with the rule." Sanchez v. State, 236 S. W. 736, and authorities there cited.

The rule stated is well established and is deemed sound. It is in accord with the uniform practice of this court of refusing to reverse the case because of an error which could not and did not harm the accused.

Art. 5733 of the Civil Code, adopted in 1907, provides for the establishment and appointment of a Board of Medical Examiners, stating:

"Said board shall be appointed by the Governor of this state within ninety days after his inauguration, and the term of office of its members shall be two years or until their successors shall be appointed and qualified."

This provision of the statute, with a slight change of verbiage and no difference in meaning, was carried forward in the revision of 1925 in Art. 4495. In the final title of R. S., 1925, p. 2419, Sec. 2, the following language is used:

"Repealing Clause—That all civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

. If the position taken by the appellant's counsel is comprehended, it is that at 12 o'clock, meridian, September 1, 1925, Art. 5733 became extinct and was superseded by Art. 4495, supra, in which the appointment of a medical board was directed, and the Governor allowed ninety days after his inauguration within which to make the appointment, and that Art. 5733, having become defunct, the medical board appointed under that statute became likewise defunct, and until the appointment of a new board, as provided by Art. 4495, there was no provision by which the appellant could undergo a medical examination; that therefore the penal statute (Art. 739, P. C., 1925) under which he was convicted, required of him the impossible and was void. In the assumption that Art. 5733 was repealed and that the medical board appointed thereunder became defunct, we think the appellant is mistaken. The proper construction of the repealing clause is deemed that which would give effect to Art. 4495, as a continuation of Art. 5733, and that the two years' tenure of the Board of Medical Examiners appointed by virtue of that statute (Art. 5733) would not be interrupted. We will say, moreover, that the offense in the present case seems to have been committed on January 3, 1926, more than ninety days after September 1, 1925. The appellant does not aver in his motion that at the time the act upon which the prosecution is founded was done, a new Board of Medical Examiners had not been appointed, but even if the motion contained such an averment, no proof of it is discerned. The motion being a mere pleading, to give effect to its averment, upon appeal, proof of it would be essential.

Touching the other matters of which complaint is made in the motion, reference is made to the original opinion.

The motion for rehearing is overruled.

*Overruled.*