### O. H. TILLEY V. THE STATE.

No. 11027.   Delivered February 15, 1928.

**1.—Violating Medical Practice Act—Validity of Statute—Sustained.**

Appellant attacks the law under which this prosecution was had, based upon the claim that Art. 739 P. C. is incomplete in itself and cannot be aided by resort to the civil statutes upon the same subject.  The exact point was decided against his contention in the case of Compere v. State, 107 Tex. Crim. Rep. 95.

**2.—Same—Variance—Between Allegation and Proof—Fatal.**

Where the information charged appellant with treating Wyatt Baldwin, and the proof showed that he treated Wyatt Bradberry this was a material variance in the allegation and proof and necessitates a reversal of the judgment.

Appeal from the County Court of Hardeman County.  Tried below before the Hon. J. E. Wiley, Judge.

Appeal from a conviction for violating the medical practice act, penalty a fine of $50.00 and imprisonment in the county jail for one day.

The opinion states the case.

*Marshall & Perkins* of Quanah, for appellant.

*R. M. Turpin, Black & Graves, Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for violation of the medical practice act, punishment being a fine of $50 and imprisonment in the county jail for one day.

In various ways appellant attacked the law under which the prosecution was had, all based upon the claim that Art. 739 P. C. is incomplete in itself and cannot be aided by resort to the civil statutes upon the same subject. The exact point was decided against appellant's contention in Compere v. State, 107 Tex. Crim. Rep. 95, 295 S. W. 614.

Only the second count in the information was submitted to the jury. It charged that appellant treated Wyatt Baldwin. The proof showed that he treated Wyatt Bradberry. There was a material variance in the proof and the allegation. It is perfectly apparent that it was the pleader's purpose to charge a treatment of Wyatt Bradberry. Whatever his intention may have been, he in fact averred a treatment of one party and proved the treatment of another. This necessarily demands a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*