### J. W. FLOURNOY v. THE STATE.

No. 3705.   Decided February 13, 1907.

**1.—Aggravated Assault—Complaint—Jurat.**

Upon trial for an aggravated assault there was no error in permitting the county attorney, after the trial had begun, to amend the jurat to the complaint so as to conform to the facts, and to correct a mistake in the name of the party who signed the complaint.

**2.—Same—Assistant County Attorney—Complaint by County Attorney.**

Where upon trial for aggravated assault, the complaint was signed and sworn

to by an attorney who represented the regular county attorney during his absence from the State, but who was not the assistant county attorney by regular appointment, and who did not file the information thereon, there was no error; and the question that the county attorney or his assistant could not make the complaint was not involved.

### 3.—Same—Refused Charge—Innocent Intention.

Where upon trial for aggravated assault the evidence showed that the trouble arose about the possession of the defendant's child, and the court charged on accident or innocent intention, and defendant's right to retain possession of the child, there was no error in refusing a special charge that if the injury resulted in a struggle over the child, to acquit.

Appeal from the County Court of Eastland. Tried below before the Hon. Chas. D. Spann.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*J. D. Hunt,* for appellant.—On question of amending jurat to complaint: Lanham v. State, 9 Texas Crim. App., 232; Scott v. State, id., 435; Robertson v. State, 25 Texas Crim. App., 529; Patillo v. State, 3 Texas Crim. App., 442; Wilson v. State, 6 Texas Crim. App., 154; Huff v. State, 23 Texas Crim. App., 291; Williams v. State, 34 Texas Crim. Rep., 100.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of aggravated assault and battery, and his punishment assessed at a fine of $25, and prosecutes this appeal.

Appellant, by bill of exceptions, questions the action of the court in permitting the jurat to the complaint filed in this case to be corrected. It appears that after the parties had gone to trial and evidence for the State and defendant had been introduced, with the exception of one witness for the defendant, the county attorney discovered a mistake in the jurat of the officer who took the complaint against appellant, and he made a motion to correct same. It appears that the complaint showed in the body of it the name of Earl Conner and that Earl Conner also signed the complaint, but that in making out his jurat to same the officer stated that same had been sworn to and subscribed by M. R. Bostic. The motion alleged that in truth and in fact Earl Connor made and signed the complaint, and swore to same, and that by mistake the officer in placing his jurat thereto used the name M. R. Bostic instead of Earl Conner. The State desired to offer proof to that effect and to have the jurat of the officer corrected. This was done by the court, and the correction made accordingly.

Appellant excepted to the action of the court for the following reasons: "Because the jurat to the complaint, being a matter of substance, could not be amended, changed or corrected after the an-

nouncement of ready for trial. The jurat to the complaint on which the information was based in this case affirmatively showed that said complaint was made by M. R. Bostic, when the body of said complaint was made by Earl Conner. On this state of facts, the jurat would control and hence there was no complaint to be amended, but the action of the court was equivalent to beginning the trial on a complaint made by one person and to then suspend the trial and bring in another person and let him swear to the complaint and the complaint being the basis for the information could not be altered, changed or corrected, when such change, correction, or alteration, as in this case, seeks to contradict the jurat of the officer before whom said complaint was made, for the reason that the jurat purports verity and controls the body of the complaint where the same is at variance with the jurat."

"2nd. And because Earl Conner was acting in the capacity of county attorney for Eastland County, Texas, when he made, signed, and swore to said complaint, and the law does not authorize the county attorney to base an information in the county court on a complaint made by himself." The court overruled these objections, and the defendant excepted. We do not believe there was any error in the action of the court in permitting the jurat of the officer to be amended in accordance with the facts.

The second ground of complaint is of a more serious character. Here it appears that Earl Conner was the assistant county attorney, that is, he was acting county attorney under some sort of appointment from the county attorney, T. G. Jackson, though T. G. Jackson appears to have signed the information on the 15th of May, 1906, the complaint being sworn to on the 30th of April, 1906. The record shows that Earl Conner was a lawyer, and was present in the justice of the peace court at Ranger representing the county attorney, who was absent from the State; that he went to the State of Alabama about that time, and was either out of Texas when Conner made the complaint, or on his way back to Texas, and that no assistant attorney was appointed by the commisisoners court of Eastland County, Texas, nor was any asked for. It appears from this that Earl Conner was not assistant county attorney of Eastland County, but was acting merely at the instance of the county attorney during his temporary absence. This would not constitute him even a de facto county attorney. In Daniels v. State, 2 Texas Crim. App., 353, it was held, except in extraordinary cases where the facts were within the knowledge of the county attorney, that he could not make the complaint, and indeed it would seem that it is not the policy of the law that a county attorney should make a complaint, and then base an information on his own complaint, and we believe the rule would extend to an assistant county attorney. However, Earl Conner was not the assistant county attorney of Eastland County, and would not have been authorized to administer an oath himself. He did not assume to file the information on this complaint, but same was filed by T. G. Jack-

son, the county attorney. We hold there was no error in this course.

We think the court sufficiently charged on the essential features of the case, and was not required to give the special requested instructions asked by appellant. The first of these instructions was to the following effect: "If you believe from the evidence that the defendant in attempting to secure possession of his child did in fact inflict an injury upon Mrs. Flournoy, but that such injury was not intended by the defendant, but was the result of a struggle over the child, and that in attempting to secure possession of said child the defendant was not actuated by malice towards Mrs. Flournoy, then and in case you so find you will acquit." We think the court's charge on accident, or innocent intention, and the charge of the court on appellant's right to retain possession of the child, sufficiently covers the point of the special requested instruction. An examination of the testimony discloses that the issue in the case turned upon whether the jury believed the State's theory or the defendant's theory, the State showing that appellant struck the prosecutrix a blow and knocked her off the gallery, and appellant's theory is, supported by his testimony, and that of other witnesses, that he did not shove or strike her. The jury decided this issue in favor of the State, and there being no errors, we are not authorized to disturb the verdict. The judgment is affirmed.

*Affirmed.*