### GEORGE MONTGOMERY v. THE STATE.

No. 799.   Decided November 16, 1910.

**Malicious Mischief—Affidavit—Jurat—Amendment.**

Where, upon trial of malicious mischief, it developed that the State's counsel had amended the jurat to the affidavit upon which the information was filed, after defendant had been arrested and placed under bond and without leave of the court or notice to the defendant, such practice was reversible error. Following Morris v. State, 2 Texas Crim. App., 502, and other cases.

Appeal from the County Court of Ochiltree.   Tried below before the Hon. E. Newton.

Appeal from a conviction of malicious mischief; penalty, a fine of $100.

The opinion states the case.   .

*Willis & Willis,* for appellant.—On question of amending jurat to affidavit: Scott v. State, 9 Texas Crim. App., 434; article 467, Code Crim. Procedure.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This case was prosecuted by information filed in the County Court of Ochiltree County on the 21st day of April, 1909, charging appellant with unlawfully, wilfully and mischievously injuring and destroying certain personal property therein described. On a trial had in said court on May 17 of this year appellant was found guilty as charged and his punishment assessed at a fine of $100.

Before the trial was had appellant filed a motion to quash and hold for naught the information filed in the case for the reason that the affidavit on which such information was based was not authenticated as required by law, in that same did not appear to have been sworn to before any officer authorized to administer oaths and that after the filing of same and the issuance of the information therein, it had been altered in a material respect in that there had been added thereto the words, "W. R. Ewing, Dist. Atty., 31st Jud. Dist. of Texas," in an attempt to make same a valid affidavit. Proof was heard on this matter, and as appears by a bill of exceptions contained in the record, the prosecuting witness, J. M. Blodgett, had in fact been sworn to the affidavit, but that the jurat to same was omitted, and that after same was filed and information had been filed upon same, and after appellant had been arrested and placed under bond, the district attorney, some time after the November term, 1909, of the County Court of Ochiltree County, and without the leave of the court, attached his jurat to said affidavit for the first time. Article 467 of our Code of Criminal Procedure is as follows: "An information shall not be presented by the district or county attorney until oath has been made by some credible person, charging the defendant with an offense. The oath shall be reduced to writing and filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths." It has quite uniformly been held in this State that unless the complaint is authenticated by the jurat of the officer before whom it is made it will be fatally defective. Morris v. State, 2 App., 502; Dishongh v. State, 4 App., 158; Scott v. State, 9 App., 434; Robertson v. State, 25 App., 529; Neiman v. State, 29 App., 360; Jennings v. State, 30 App., 428. That this affidavit could have been corrected under leave of and by direction of the court can not admit of doubt, yet we think it a dangerous practice and one not to be sanctioned to permit such amendments out of the presence of and without the authority and direction of the court and without any showing that in fact the witness had been sworn by the person who purported to have sworn him to such complaint.

The other matters raised on the appeal are such as, for the most part, may not occur on another trial and need not, we think, be considered.

For the error pointed out, the judgment of conviction will be set aside and the cause reversed and remanded.

*Reversed and remanded.*