### I. ARBETTER v. THE STATE.

#### No. 4087. Decided May 4, 1916.

**1.—Simple Assault—Complaint—Jurat—Assistant County Attorney.**

Where, upon trial of simple assault, the jurat to the complaint was as follows: "Sworn to and subscribed before me this 4 day of December, A. D. 1915. Dan Lewis, County attorney, Bexar County, Texas, by O. B. Black, assistant attorney," the same was insufficient, as the county attorney could not administer the oath through a deputy; the latter not administering the oath as assistant county attorney. Prendergast, Presiding Judge, dissenting.

**2.—Same—Insufficiency of the Evidence—Variance.**

Where the information and complaint alleged the means by which the assault was committed, although unnecessary, yet the same being descriptive, must be substantially proved, and the defendant could not be convicted of simple assault, although the information was for aggravated assault. Following McGee v. State, 5 Texas Crim. App., 492, and other cases. Prendergast, Presiding Judge, dissenting.

**3.—Same—Evidence—Irrelevant Testimony.**

Where, upon trial of assault, the evidence showed that the offense grew out of a certain contract of sale, the question of usurious interest charged in said contract was not admissible in evidence.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of simple assault; penalty, a fine of five dollars.

The opinion states the case.

*Chambers & Watson,* for appellant.—Upon the question of usurious interest: Bluman v. State, 32 Texas Crim. Rep., 44; Cooper v. State, 23 Texas, 331; McWilliams v. State, 44 id., 116; Sadler v. State, 20 Texas Crim. Rep., 195.

Upon question of variance of proof and allegation: Hext v. State, 48 Texas Crim. Rep., 576; Peacock v. State, 5 id., 427; Novy v. State, 138 S. W. Rep., 139.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of simple assault, his punishment being assessed at a fine of five dollars.

The complaint, which forms a predicate for the information, contains two counts, the first charging that appellant with a pistol, a deadly weapon, did unlawfully commit an aggravated assault upon F. N. Maluf; and with said deadly weapon did then and there strike the said F. N. Maluf. The second count charges that appellant committed an aggravated assault upon F. N. Maluf with premeditated design, and by the use of means calculated to inflict great bodily injury upon the said F. N. Maluf, towit: by the use of a pistol, and he did then and there by the means aforesaid hit and strike the said F. N. Maluf, contrary to the forms of the statute, etc. This complaint has the following jurat: "Sworn to and subscribed before me this 4th day of December, A. D. 1915. Dan Lewis, County Attorney, Bexar County, Texas. By O. B. Black, Assistant County Attorney."

Motion in arrest of judgment is urged because of want of proper jurat. The writer is of the opinion that the position of the appellant is correct. Dan Lewis as county attorney, of course, could administer the oath and sign the jurat. Mr. Black, assistant county attorney, had the same authority, but as we understand the law it does not authorize the county attorney to sign the jurat or to take the oath of the complainant by another party. The authority of his assistant to take it is based upon the fact that he is assistant county attorney and is clothed with such authority, but it can not be successfully contended that the county attorney can administer the oath through a deputy. The officer who takes the complaint and swears the affiant must place his jurat on it. He can not place the jurat of another party on the complaint.

There is another serious contention, which we think is well taken, that is, that the evidence does not support the conviction. Without going into details, the evidence is substantially that the defendant sold the alleged assaulted party an automobile, for which he received fifty dollars, and was to get the remainder, amounting to something over two hundred dollars. He retained a mortgage upon the property, and it was further agreed that appellant was to keep the machine with authority in the purchaser to sell. The right to sell was limited to thirty days. The purchaser with permission of appellant took the machine out on exhibition to a supposed purchaser. Appellant declined to let him have the machine unless the assaulted party would agree to let one of appellant's employees go with him. It was agreed and they went and came back. Immediately after the machine was put away it was discovered that parts of it had been taken away so as to render it helpless. Appellant sent for Maluf, who had left his building, with a request to return, stating that some parts of the machine were gone and must be brought back. Maluf went on to lunch, but finally came back. There was some difference in the details as to what occurred, appellant swearing that Maluf admitted taking the different parts of the machine. Maluf contended that he saw his, Maluf's chauffeur take the missing parts from the car. It was also testified by appellant that

Maluf stated to him he was going to take other parts of it. Maluf started to leave the store and appellant closed the door. He went to another opening, which appellant also closed, caught Maluf by the lapel of the coat with one hand, having a pistol in the other, and sent for an officer for the purpose of having Maluf arrested. Maluf says he undertook to get away because he did not want to be arrested. These goods were not returned so far as we recall the record. This is the substance of the case.

Both counts allege the striking with a pistol, one through premeditation and the other under another clause of the aggravated assault law, which alleges a deadly weapon. There is no evidence from either side that shows Maluf was struck with a pistol. All the evidence excludes this idea. The whole case is, so far as the assault is concerned, that appellant kept Maluf in the house, caught him by the lapel of the coat, and drew a pistol and held him while awaiting the coming of the officer. We understand the correct rule to be as laid down in Mr. Branch's Annotated Penal Code, section 1589, page 936: "If the indictment, information, or complaint alleges the means by which the assault was committed, such allegation, whether necessary or unnecessary, being descriptive, must be substantially proved as alleged. Under an indictment charging murder, assault to murder, aggravated or simple assault, which alleges the means, a conviction will not be sustained even for simple assault unless the means alleged is substantially proved." Following this section and in support of it are a great number of cases collated by Mr. Branch. These begin with McGee v. State, 5 Texas Crim. App., 492, and continue down to Maxwell v. State, 66 Texas Crim. Rep., 258, 145 S. W. Rep., 1190. The allegation in both counts was that Maluf was struck with a pistol by appellant. The evidence excludes this.

There is another question. The State was permitted to introduce evidence to the effect that appellant in the contract of sale charged Maluf usurious interest. We are of opinion this evidence was not admissible. This was not a suit to recover a penalty, and the question of usury could not properly be considered against appellant in an assault case where he was charging the assaulted party with theft of different parts of an automobile. It could serve no useful purpose except prejudice appellant's case before the jury. Appellant had in no way put his reputation or character in issue. The fact that he did or did not charge usurious interest could not affect the fact that Maluf and his chauffeur committed the theft of parts of the machine.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, PRESIDING JUDGE.—I think the jurat was clearly right. The statute authorizes the county attorney, and not his assistant or deputy, to swear the complainant to the complaint. It is only by and through the county attorney that his assistant is authorized. When-

ever a deputy or assistant of any official does an act he always signs his principal's name as doing the act by him as such assistant or deputy.

HARPER, Judge, not present at consultation.