CHARLES GOODMAN v. THE STATE.

No. 4762.  Decided May 14, 1919.

Complaint—Jurat—Assistant County Attorney.

Where the assistant county attorney signed the jurat in the name of his principal the same was insufficient, and the certificate should have shown that the assistant county attorney administered the oath, as he was vested with authority to administer the same. Following Arbetter v. State, 79 Texas Crim. Rep., 487, 186 S. W. Rep. 769.

Appeal from the County Court of Smith. Tried below before the Hon. W. R. Castle.

Appeal from a conviction of violating the game law; penalty, a fine of ten dollars.

The opinion states the case.

*Hanson & Butler, T. N. Jones* and *Lightfoot, Brady & Robertson,* for appellant.—Cited cases in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Kelley v. State, 36 Texas Crim. Rep., 480.

DAVIDSON, PRESIDING JUDGE.—It is unnecessary to notice but one question presented. The complaint recites: ''Sworn to and

subscribed before me on this 2nd day of April, A. D. 1917. H. V. Davis, County Attorney of Smith County, Texas. By Clifford C. Hall, Assistant County Attorney, Smith Co., Texas.'' It is contended that this complaint is invalid; that it could not be sworn to before the county attorney by his deputy. The case of Arbetter v. State, 79 Texas Crim. Rep., 487, 186 S. W. Rep., 769, is directly in point, and if correct this judgment should be reversed and the prosecution ordered dismissed. Authorities are relied upon by the State, that the deputy may do, under the law, what his principal may do in line of duty devolving upon the principal. This is the general rule, and unless there are stated exceptions the general rule applies, but where the act cannot be so performed and the deputy is required to do the act himself, this rule does not apply. If it pertains to him individually, such as taking oaths, he can not verify in the name of the principal. This seems to be fully recognized by the authorities. This matter underwent investigation in 2 Colo. App., 422; also in 57 Federal, 186. Where the administering of an oath is required, he cannot administer it in the name of the principal. While he derives his authority from the principal in a certain sense, he being a deputy and qualified under the law as such deputy, the oath administered must be by him. He cannot administer it in the name of the principal, nor can he certify that the principal administered the oath through or by him as deputy. Where an oath or affirmation is required, it must be administered by the officer taking it. He cannot administer it through another. The jurat must show the oath taken was by the officer administering it. If the principal administers the oath, it must so recite. If the deputy does it, it must recite it was done by the deputy; not that it was done by the principal through the deputy. The authorities seem to be clear upon the proposition, and draw the distinction. See note in 2 Cyc., 12, and other authorities. This does not militate against the proposition that in ordinary ministerial matters such as the issuance of process, filing papers and matters of that sort, same may be issued in the name of the principal through or by the deputy, but this does not apply to taking affidavits or administering oaths. We are of opinion that the court was in error in not sustaining appellant's contention upon this proposition.

The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*

MORROW, JUDGE, (CONCURRING)—The point made in this case is that the jurat is affected in that it purports to certify that the county attorney administered the oath which in fact was administered by the assistant county attorney. Under article 347, Rev. Civ. Stats., the assistant county attorney becomes an officer vested with the same authority to administer oaths that the county attorney would

under the law possess. He has authority to take the oath of one making a complaint and to attach a jurat thereto but the jurat should be a certificate showing that he, the assistant county attorney, administered the oath.

The authorities touching a jurat like the one in question are conflicting, some of them holding the sufficiency of that involved in this case; and if the question were an open one in this State the writer would be disposed to view the jurat as sufficient. The decisions of other states supporting the opposite idea appear to have controlled the court in the decision of Arbetter's case, 79 Texas Crim. Rep., 487, S. W. 769, and in deference to the ruling there made I do not dissent from the conclusion reached by the Presiding Judge, in this case.