## JAMES ANTHONY v. THE STATE.

### No. 6488.   Decided November 30, 1921.

**1.—Adultery—Jurat—Complaint—Assistant County Attorney.**

Where the jurat was sworn to and subscribed before F. M. Scott, Coun-
ty Attorney, by James T. Casey, Assistant, the jurat was fatally defective.
Following Arbetter v. State, 79 Texas Crim. Rep., 487, and other cases.

**2.—Same—Misdemeanor—Charge of Court—Requested Charge—Practice in
Trial Court.**

Where the record showed that appellant requested of the trial court a
written charge in a misdemeanor case, and that when this was refused
he asked time and privilege to prepare and present to the court a proper
charge in writing, the court should have granted this request, and it was
of no consequence to the trial court whether defendant's counsel prepared
such charge in his office or not.

Appeal from the County Court of Harrison. Tried below before
the Honorable W. H. Strength.
Appeal from a conviction of adultery; penalty, a fine of $100.
The opinion states the case.

*Harrison & Harrison,* for appellant.—On question of insufficient
jurat: Goodman v. State, 212 S. W., 171, and cases cited in opinion.
On question of preparing written charge: Abrigo v. State, 178 S. W.
Rep., 518.

R. G. Storey, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an appeal from a conviction for adultery in the County Court of Harrison County, the punishment being fixed at a fine of $100.

Appellant made a motion to quash directed at an alleged defective jurat affixed to the complaint. Said jurat appears as follows:

"Sworn to and subscribed before me by A. J. Munden, a credible person, on this the 22d day of December, 1920.

"F. M. Scott, County Attorney, Harrison County, Texas.
By Jas. T. Casey, Assistant."

The Assistant Attorney General has confessed this to be erroneous. This direct question was before this court in Goodman v. State, 85 Texas Crim. Rep., 279, 212 S. W. Rep., 171, and the jurat held insufficient. See Arbetter v. State, 79 Texas Crim. Rep., 487.

Appellant complains of the refusal of the court to give a written charge. This is a misdemeanor case. Article 740, Vernon's C. C. P., requires the giving of a written charge in a criminal case, but provides that in a misdemeanor case such written charge may be waived by the consent of the accused. It is shown by various bills of exception that appellant requested of the trial court a written charge in this case, and that when this was refused, he asked time and privilege to prepare and present to the court a proper charge in writing. The trial court appends a qualification to the bill of exceptions taken to his refusal to grant the right and time to so prepare said charge, said qualification stating that he granted the request for time, but that appellant's attorney refused to prepare such charge unless permitted to go to his office for that purpose, and that the court directed him to proceed with the case unless he was willing to prepare such charge in the courtroom. In our opinion the request for time to prepare such charge should have been granted, and a reasonable time having been fixed, it was of no consequence to the trial court where appellant's attorney prepared such charge, and the court was in error in refusing to allow him to go to his office for such purpose. A fair inference would arise that such attorney might be better prepared for such work in his own office. The other matters complained of may not arise upon another trial.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*