## G. W. Stacy v. The State.

### No. 8054. Decided February 13, 1924.

#### Adultery—Complaint—Information—Amendment—Jurat.

Where, upon trial of adultery, the complaint was incomplete and insufficient to authorize the information unless it was accompanied by a jurat of the officer administering the oath, the amendment of same could not be permitted, until there was proof that the oath was administered, and where this was not done the judgment must be reversed and the cause remanded. Following Nichols v. State, 84 Texas Crim. Rep., 522, and other cases.

Appeal from the County Court of Hopkins. Tried below before the Honorable R. E. Bertrem.

Appeal from conviction of adultery; penalty, a fine of $100.00.

The opinion states the case.

*Connor & Ramey,* for appellant.—Cited: Montgomery v. State, 131 S. W. Rep., 1087.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, Presiding Judge.—Adultery is the offense; punishment fixed at a fine of one hundred dollars.

The prosecution is based upon complaint and information. The complaint was signed "S. E. Smith". It contained no jurat. A motion to quash the information because of the absence of complaint sworn to as required by statute was overruled. The court permitted the amendment of the complaint by inserting the jurat without any proof that Smith had made the oath. A complaint reduced to writing and verified by affidavit before an officer authorized to administer oath is made by statute an essential prerequisite for a prosecution by information. See Code of Crim. Proc., Art. 479; Davis v. State, 2 Texas Crim. App., 184, and other cases collated in Vernon's Texas Crim. Stat., Vol. 2, p. 236; also McDonald v. State, 86 Texas Crim. Rep., 304; Reynolds v. State, 82 Texas Crim. Rep., 326; Halbadier v. State, 87 Texas Crim. Rep., 129; Arbetter v. State, 79 Texas Crim. Rep., 487.

The complaint is incomplete and insufficient to authorize the information unless it is accompanied by a jurat of the officer administering the oath. Scott v. State, 9 Texas Crim. App., 434; Neiman v. State, 29 Texas Crim. App., 360; Montgomery v. State, 60 Texas Crim. Rep., 303; Robertson v. State, 25 Texas Crim. App., 529; Jennings v. State, 30 Texas Crim. App., 428. An amendment of the complaint

is permissible, but where the fault consists in the absence of the officer's jurat, to authorize the amendment, there must be proof that the oath was administered. Nichols v. State, 84 Texas Crim. Rep., 522; Montgomery v. State, 60 Texas Crim. Rep., 303; Flournoy v. State, 51 Texas Crim. Rep., 29; Sanders v. State, 52 Texas Crim. Rep., 156; Neiman v. State, 29 Texas Crim. Rep., 360. In the present case the complaint being without jurat, it was not sufficient to support the information. The attempt to amend it by attaching the jurat without making any proof that the complaint had been verified by oath administered according to law, fails to impart the vitality requisite to support the prosecution. This is conceded by the State's Attorney. The judgment must therefore be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*