## A. C. STALCUP v. THE STATE.

### No. 8522. Delivered March 4, 1925.

**1.—Violating Sunday Law—Filing Complaint—When Sufficient.**

Where it is shown that the complaint and information were delivered to the clerk, and he placed his file mark on one but not on the other, a sufficient filing is shown, and a motion to quash the information because it did not show the file mark of the clerk, was properly overruled.

**2.—Same—Disqualification of Venireman—Not Shown.**

Where complaint is made of the disqualification of a venireman on the ground of his sentiment against the violation of the Sunday law and it is not shown that the juror served on the jury, nor that the peremptory challenges of appellant were exhausted, nothing is presented for review on appeal.

**3.—Same—Evidence—Bill of Exception—Incomplete.**

Where a bill of exception complains of the introduction in evidence of a document, introduced in compliance with chap. 73 of the general laws of the 37th Legislature, without proof of the signature, and the certificate of the trial judge, or other proof does not show that such proof of the signature was not made, it will not be considered. The mere recital in the objection that proof of the signature was not made, is not sufficient, to establish that it was not made.

**4.—Same—Jury Wheel—In What Counties—Applicable.**

Under Art. 5151, R. S., providing for the selection of juries by the jury wheel, it is not necessary that there shall be a city of 20,000 or more people in the county to bring such law in operation, but it is provided that it shall apply in counties where the aggregate population of one or all of the cities in such county shall be 20,000 or more.

**5.—Same—Juries—When Drawn—Statute Directory.**

While Art. 5154, R. S., contemplates that a list of jurors for the coming term should be drawn not less than ten days before the term begins, the failure to observe the directions of the statute, as in the present case, would not, in the absence of injury shown, require the setting aside of the panel. See King v. State, 234 S. W. 1107.

**6.—Same—Jurat to Complaint—How Made.**

The affidavit and jurat made by an officer authorized to administer the oath is an essential requisite to the validity of a complaint, and where the jurat was signed "W. J. Barnes, County Atty. of Eastland County by Gilvie

Hubbard, Assistant County Attorney" it is held to be insufficient. An assistant county attorney has the authority to take the complaint and administer the oath to affiant, but his jurat should show that it was made by him who administers the oath, and not by him in the name of his principal. See Arbetter v. State, 79 Crim. Rep. 487. The jurat to the complaint being insufficient, the cause is reversed and ordered dismissed.

Appeal from the County Court at Law of Eastland County. Tried below before the Hon. J. H. Jones, Judge.

Appeal from a conviction for keeping a theatre, a motion picture show to which a fee of admission was charged, open on Sunday. Penalty, a fine of twenty dollars.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense charged is that the appellant, being the proprietor of a public amusement, namely, a theater, permitted it to be open for the purpose of amusement on Sunday and permitted the display of a theatrical performance, namely, a motion picture exhibition, for which an admission fee was charged, punishment a fine of twenty dollars.

The evidence seems to sustain these averments. A recital of it is deemed unnecessary.

The court heard evidence on the motion to quash the information and is not shown to have been in error in overruling it. The complaint and information were pinned together and delivered to the clerk at the same time and the file mark indorsed upon but one. The papers having been delivered to the clerk for filing, they were not vitiated by his failure to place his file mark upon them. Upon the evidence heard the court was authorized to determine that the complaint and information were filed with the clerk and that it was his duty to place his file mark upon them. There was some evidence that they were handed to the clerk by E. A. Bills, who was not the county attorney but was assisting in the case.

Whether the sentiment expressed by venireman Mills against the violation of the Sunday law went to the extent of his disqualification need not be determined for the reason that it is not made to appear that he served on the jury; nor that the challenges available to the appellant under the law were exhausted.

The complaint of the receipt in evidence of a document signed by A. C. Stalcup in compliance with Chap. 73 of the General Laws of the 37th Legislature is that the introduction of the original without proof of its signature was unauthorized. The objection made was that the signature was not proved. This is not certified to be a fact by the trial judge. The recitals in the objection made do not

dispense with the necessity that the judge certify to the facts upon which the objection is founded. Conger v. State, 63 Texas Crim. Rep. 327.

The motion to quash the array of the jury panel is upon the ground that there is not a city of 20,000 inhabitants or more in Eastland County as shown by the last census. It was shown that the largest town in the county contained something over 14,000 inhabitants. It is not shown that there were not other cities the aggregate of whose population, to gether with that of Ranger, the largest city, would not have exceeded 20,000. The population of the county, as shown by the last census, is over 58,000.

The statute designating the counties in which the jury wheel shall operate uses this language:

"That between the 1st and 15th day of August of each year, in all counties in this State having therein a city or cities containing a population aggregating twenty thousand (20,000) or more people, as shown by the United States census of date next preceding such action, etc." (Art. 5151, R. S.)

From this we do not understand that to bring the jury wheel into operation the law requires that there shall be a city of more than 20,000 inhabitants where there are several cities, the aggregate population of which equals or exceeds that number. The law contemplates that a list of jurors for the coming term should be drawn not less than ten days before the term begins. See Art. 5154, R. S. The trial being otherwise regular, the failure to observe the directions of the statute with reference to the time, as appears to have been done in the present case, would not, in our judgment, in the absence of injury shown, require the setting aside of the panel. See King v. State, 234 S. W. Rep. 1107.

The complaint was sworn to by E. C. Bettis, and the jurat was signed "W. J. Barnes, County Attorney of Eastland County, by Gilvie Hubbard, Assistant County Attorney." The information was signed in the same manner. The affidavit and jurat made by an officer authorized by law to administer the oath certifying that this was done are a part of a complaint (Articles 34, 269, 479, and C. C. P.), and in the absence of an indictment are an essential requisite to a prosecution. The assistant county attorney possesses the authority to take and certify the complaint but it has been held in many cases that a certificate such as the present is not in complance with the law in that it indicates that the oath was administered by the deputy in the name of his principal, and, if valid, it should certify that it was made by the assistant, who, in fact, administered the oath. Following the example of other courts, this one, in the case of Arbetter v. State, 79 Texas Crim. Rep. 487, held that the complaint certified with a jurat like the present was insufficient to support the prosecution. This practice has been followed in other

99 Tex. Crim.—27.

cases, among them, Goodman v. State, 85 Texas Crim. Rep. '280; Anthony v. State, 90 Texas Crim. Rep. 351. As indicated by some of the judges participating in the previous decisions, it would seem that a contrary view with reference to the sufficiency of the jurat might have been logically reached. See dissenting opinion in Arbetter's case, supra, and concurring opinion in Goodman's case, supra. Such is the view of the present personnel of this court, but because it relates to a question of practice and construction of statutes which the Legislature has since left unchanged, this court feels constrained to follow it.

For want of legal complaint, the jurgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*