J. P. SULLIVAN v. THE STATE.

No. 16527. Delivered March 7, 1934.
Reported in 69 S. W. (2d) 65.

476

The opinion states the case.

*Vernon Goodall*, of Waco, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is swindling; the punishment, a fine of fifty dollars and confinement in jail for two days.

The complaint contains no jurat of the officer administering the oath. Notwithstanding appellant filed a motion to quash the complaint, the jurat was not amended. After verdict appellant filed a motion in arrest of judgment. Upon this motion the county attorney testified that he in fact administered the oath to the party making the complaint, but failed to complete the jurat by signing his name thereto. At no time was the jurat amended and the complaint appears in this record without the jurat of the county attorney. It is well settled that the complaint is incomplete and insufficient to authorize the information unless it is accompanied by a jurat of the officer administering the oath. Stacy v. State, 258 S. W., 475. An amendment of the complaint is permissible; but where the fault consists in the absence of the officer's jurat, to authorize the amendment there must be proof that the oath was administered. Stacy v. State, supra. In the present case, as already pointed out, the jurat was at no time amended. It follows that a reversal of the judgment must be ordered. The state's attorney before this court confesses error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.