**Johnny Wayne BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–045–CR.**

Court of Appeals of Texas, Beaumont.

Nov. 30, 1988.

Robert N. Kennedy, Tomball, for appellant.

Marc A. Chomel, D.C. "Jim" Dozier, Lydia Clay–Jackson, Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

The Appellant was charged with knowingly and intentionally torturing an animal

by amputating his ears. The animal was described as a Rhodesian Ridgeback cross-bred puppy belonging to Johnny Wayne Bell. The misdemeanor offense of cruelty to animals was alleged to have occurred on or about May 21, 1987. The Appellant was found guilty by a jury. The trial court assessed punishment at six months confinement in the Montgomery County Jail and a $500 fine. The jail term was probated for the period of one year. The Appellant did not present or urge a pre-trial motion, or any type of trial motion to quash the information. The Appellant did not challenge the information, either as a defective complaint or information or upon any jurisdictional issue.

The Appellant presents one point of error, reading:

"The information was fatally defective in [sic] because the complaint was not sworn to by a person authorized to do so by law."

As we understand the Appellant's brief, he cites and relies upon *TEX.CODE CRIM.PROC.ANN. art. 21.22* (Vernon 1966). Appellant takes the position that the affiant who made the affidavit was not a credible person. The Appellant does acknowledge that the affidavit may be sworn to before the county attorney *or any other officer authorized by law to administer oaths.*

The affidavit accompanying the information was subscribed and sworn to on June 23, 1987, before an Assistant County Attorney of Montgomery County. The Appellant argues that an Assistant County Attorney cannot act in this capacity and that the County Attorney cannot delegate the power to take or administer oaths. Appellant advances this contention:

"Appellant would further urge the proposition that as the power to take oaths is not delegable and that the legislature has not amended Article 21.22 that the judgment of conviction cannot stand insofar as it is based on a void information."

We have before us a transcript. No statement of facts was filed. The Appellant makes no showing that the affiant was not a credible person.

We decide that *TEX.GOV'T CODE ANN. sections 41.101, 41.102* and *41.103* (Vernon 1988), are dispositive of the contention of the Appellant and the disposition is adverse to the Appellant. We quote:

"Sec. 41.101. Definition

"In this subchapter, 'prosecuting attorney' means a county attorney, district attorney, or criminal district attorney.

"Sec. 41.102. Employment of Assistants and Personnel

"A prosecuting attorney may employ the assistant prosecuting attorneys, investigators, secretaries, and other office personnel that in his judgment are required for the proper and efficient operation and administration of the office.

"Sec. 41.103. Assistant Prosecuting Attorneys

"(a) An assistant prosecuting attorney must be licensed to practice law in this state and shall take the constitutional oath of office.

"(b) An assistant prosecuting attorney may perform all duties imposed by law on the prosecuting attorney."

The transcript demonstrates that the affidavit was presented to, and sworn before, the Assistant County Attorney. The Assistant County Attorney was not purporting to be the actual County Attorney. The Assistant County Attorney was acting, of course, as an Assistant Prosecuting Attorney, performing one of the duties imposed upon that office by law. *TEX.GOV'T CODE ANN. Sec. 41.103* (Vernon 1988).

Furthermore, the Assistant County Attorney did not sign for the County Attorney nor did the Assistant County Attorney purport to sign as the County Attorney. *See Goodman v. State*, 85 Tex.Crim. 279, 212 S.W. 171 (1919).

Furthermore, we conclude that the Appellant waived his right, if any he had, to complain for the first time on appeal of any defect, error or irregularity, of either form or substance in the information. *TEX.CODE CRIM.PROC.ANN. Art. 1.14(a), (b)* (Vernon Supp.1988).

The transcript reflects that the affiant was a detective with the Montgomery County Sheriff's Office. In that affiant's affidavit for an order of arrest, the affiant swore that he had good reason to believe, and did believe, that the Appellant owned a Rhodesian Ridgeback cross-bred puppy. This puppy was discovered by neighbors, on May 21, 1987, with its ears "chopped off", and when these neighbors questioned the accused, Johnny Wayne Bell, the accused replied that he "cut all of his dogs['] ears because veterinarians charged too much." The deputy sheriff also made an oath that:

> "A veterinary examination at the Animal Shelter indicated that the [chopping off] cutting [of the ears] was done without benefit of anesthesia, analgesia, antibiotics or appropriate aftercare causing severe inflamation [sic] and side effects."

We affirm the judgment and sentence below.

AFFIRMED.