**Robert AIKENS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–89–601–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 26, 1990.

---

Charles Norman Walker, Houston, for appellant.

Richard A. Dawson, Richmond, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury found appellant Robert William Aikens, Jr., guilty of the felony offense of aggravated robbery. The jury found the enhancement paragraph true and sentenced appellant to forty-five (45) years' confinement in the Texas Department of Corrections. Appellant brings four points of error. We affirm the judgment of the trial court.

On the evening of January 15, 1987, while complainant Cindy Kanak waited in her car to place a carry-out order at a McDonald's fast-food restaurant, a tall, thin, black male ordered Kanak out of her car at gunpoint. When Kanak failed to respond quickly to the man's demands, he reached through the open car window and struck Kanak on the side of her head with the firearm. Kanak fled the car without observing the man's subsequent actions and entered the restaurant. Restaurant employees contacted the police. After the police were apprised of the events and given a description of the auto and its license number, officers observed the auto in an area near the restaurant. A chase ensued, and the complainant's car was eventually immobilized in a ditch. Officers at the scene removed appellant Robert Aikens from the auto and placed him in custody. Although Kanak owned no gun nor allowed others to use her car, a .22 caliber handgun was found by the arresting officers in the passenger compartment of the auto.

In his first point of error appellant asserts that the evidence was insufficient to support appellant's conviction for aggravated robbery. In support of this contention, appellant claims that the evidence failed to show that the handgun used was a deadly weapon, as alleged in the indictment. We disagree.

A deadly weapon is: (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974). Appellant argues that since the handgun discovered in the complainant's car was not in working order when police officers uncovered it, the State failed to prove that the weapon was capable of causing, or could be readily adapted to cause serious bodily injury or death. However, appellant misunderstands Texas law on firearms.

Citing *Gomez v. State*, 685 S.W.2d 333, 336 (Tex.Crim.App.1985), appellant concedes that a handgun, by definition, is a firearm and is therefore a deadly weapon. *See* TEX.PENAL CODE ANN. § 46.01(3) (Vernon 1989). Although the handgun was inoperable when found, in *Walker v. State*,

543 S.W.2d 634, 637 (Tex.Crim.App.1976), the Court of Criminal Appeals concluded that a handgun, even though not functional, was manifestly designed and made for the purpose of inflicting death or serious bodily injury, and, as in the case before us, this fact was evident to the victim. Further, where, as here, the jury is the trier of fact, and the indictment specifically alleges "deadly weapon" or names a weapon that is a deadly weapon per se, and the jury's verdict finds the defendant guilty as charged in the indictment, the jury has made an affirmative finding as to the use of a deadly weapon. *Boyett v. State,* 692 S.W.2d 512, 517 (Tex.Crim.App.1985) (citations omitted). Under the circumstances of this case, the firearm discovered in complainant's car need not be serviceable in order to be classified as a deadly weapon. *See Walker,* 543 S.W.2d at 637.

■ Other evidence also supports appellant's conviction. Although unable to describe the man's face, the complainant testified that a man fitting appellant's general description robbed her of her car at gunpoint. Minutes later appellant was arrested after attempting to avoid a confrontation with the police and driving the stolen car into a ditch. Officers found a handgun not belonging to the complainant in the passenger compartment of the auto. When viewing this evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2783–84, 61 L.Ed.2d 560 (1979); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). We therefore overrule appellant's first point.

■ In his second point of error appellant asserts that the trial court committed reversible error in overruling appellant's objection to the state's jury argument, which, according to the appellant, went outside the record. We do not agree with appellant's contention.

In the course of his final argument, the prosecutor stated:

Nothing in that charge tells you you have to leave your common sense when you go back in the jury room to deliberate the case. Take that back with you and look at the facts of this case and I think you will find Robert Aikens, Jr. is guilty of aggravated robbery as charged.

[Defense counsel] talked about the police investigation. They didn't take fingerprints, didn't check the gun. I will tell you what, if you think that's a problem when this trial is over with, you come see me and I will let you—

Defense counsel objected, and the trial judge overruled the objection. Without further objection from defense counsel, the prosecutor later added:

Robert Grassia is the Chief of Police in Rosenberg. You go see him and tell him you didn't like what his officers had done. That's fine. That's your right as citizens, those of you that live in Rosenberg, but don't turn Robert Aikens loose because you don't like what the police officers did.

Appellant asserts that the prosecutor went outside the record when he "informed the jury that if they had a doubt that the appellant used or exhibited the firearm recovered by the police, due to how the officers proceeded in the case, then they should nevertheless affirm the conviction and simply complain to the police chief about the matter." However, the prosecutor made no allusion to information or evidence not presented at trial, but gave the jury suggestions for their post trial conduct. Although appellant could have argued that the prosecutor's admonition was improper, the prosecutor's arguments did not address facts outside the record. Since appellant's trial objection and his argument on appeal do not comport with the alleged error, any error the trial court made in permitting the prosecutor's statements was waived. *See Gibson v. State,* 726 S.W.2d 129, 130–31 (Tex.Crim.App.1987); TEX.R. APP.P. 52(a).

■ Even had appellant properly preserved the error, we do not find that the prosecutor's arguments were improper. The Court of Criminal Appeals has dictated

that proper jury argument must fall within one of four general categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Allridge v. State*, 762 S.W.2d 146, 155 (Tex.Crim.App.1988) (citations omitted). Prosecutor's comments, when taken in context, are no more than a plea for law enforcement. Appellant's second point is overruled.

■ In his third point of error appellant complains that the trial court committed reversible error in overruling appellant's objection and admitting into evidence state's exhibit number three, a penitentiary packet denoting appellant's prior criminal record. Appellant claims that the admission of the instrument into evidence was improper because the packet had not been properly authenticated. We disagree.

The document in question included the presiding judge's signature as well as the following statement and signatures:

IN WITNESS WHEREOF, I have hereunto set my hand and annexed the seal of the County Court at my office in said County, this the 13th day of May, 1987.
*James D. Patton* CLERK
County Court, Walker County, Texas
*by: Fran Kisu Deputy*

Appellant challenges the authority of Fran Kisu to "exemplify, certify, or authenticate" the judge's signature and authority. Aikens acknowledges that the county clerk has such power. Under Texas law, however, a deputy clerk acts in the name of the county clerk and may perform all official acts that the county clerk may perform. TEX.LOCAL GOV'T CODE ANN. § 82.005(c) (Vernon 1988). Appellant cites a 1916 case to support that Kisu did not sign the instrument in the proper capacity; however, that case addresses an assistant county attorney's authority to administer an oath through the county attorney, not the authority of the assistant county clerk to sign for the county clerk. *Arbetter v. State*, 79 Tex.Crim. 487, 186 S.W. 769, 769–70 (1916).

Appellant also asserts that the term "deputy" following Fran Kisu's signature is inadequate to identify her as the deputy county clerk. To support his position appellant cites *Neiman v. State*, 29 Tex.App. 360, 16 S.W. 253, 253 (1891), in which the court determined that "J.P." was insufficient to identify a signature as that of a justice of the peace. In that century-old case, however, an unknown third party added the letters to the document subsequent to the endorsement, and the context of the instrument did not clarify the intended purpose of the letters. Kisu's name and designation immediately follow "James D. Patton, Clerk, County Court, Walker County, Texas." The juxtaposition of the two titles makes the capacity in which Kisu signed abundantly clear. We find the unambiguous language of the document and the government code controlling and overrule appellant's third point.

In his final point of error appellant claims that the trial court erred in failing to instruct the jury on the lesser included offense of unauthorized use of a motor vehicle. After reviewing the statement of facts, however, we conclude that such an instruction was unnecessary.

Appellant correctly notes that under certain circumstances, unauthorized use of a motor vehicle may be a lesser included offense of aggravated robbery. *Griffin v. State*, 614 S.W.2d 155, 158 n. 4 (Tex.Crim. App.1981); *Pierson v. State*, 689 S.W.2d 481, 482 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). However, a jury charge on the lesser offense is not required merely because a lesser crime is included within the proof of the greater violation. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim. App.1981) (citing *McBrayer v. State*, 504 S.W.2d 445, 447 (Tex.Crim.App.1974)). To support the charge on the lesser offense, there must be evidence in the record that the defendant, if guilty, is guilty *only* of the lesser offense. *Royster*, 622 S.W.2d at 446.

■ An individual is guilty of unauthorized use of a motor vehicle if he intentionally or knowingly operates another's vehicle without the effective consent of the owner. TEX.PENAL CODE ANN. § 31.07 (Ver-

non 1989). A person commits aggravated robbery if, while unlawfully appropriating property with the intent to deprive the owner of the property, he uses or exhibits a deadly weapon or causes serious bodily injury to another. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon Supp.1990) & § 31.03(a) (Vernon 1989). To justify a charge on the lesser included offense of unauthorized use, there must therefore be some evidence in the record that appellant did not use or exhibit a deadly weapon and that he did not intend to permanently deprive the victim of her property. We find no such evidence in the record that supports these distinctions.

In a final argument to support his contention, appellant asserts that the court should have instructed the jury on the lesser included offense since the jury may selectively believe or disregard evidence to determine if an accused is guilty solely of the lesser crime. *Bell v. State,* 693 S.W.2d 434, 442 (Tex.Crim.App.1985); *Lugo v. State,* 667 S.W.2d 144, 149 (Tex.Crim.App. 1984). Appellant fails to note, however, that, in the context of a lesser included offense, the jury may pick-and-choose what it elects to believe only between *conflicting* evidence supporting one or the other of the crimes alleged. If the jury members choose to disbelieve non-conflicting evidence, their option is to acquit the accused.

In determining whether a charge on a lesser included offense is required, a two-step analysis must be used. *Royster,* 622 S.W.2d at 446. First the lesser included offense must be included within proof necessary to establish the offense charged. *Id.* Secondly, there must be some evidence in the record that if the accused is guilty, he is guilty of only the lesser offense. *Id.* Appellant has failed to meet the second prong of this test. We therefore overrule appellant's final point.

The judgment of the trial court is affirmed.