# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-08-00029-CR**
**NO. 03-08-00030-CR**

---

**Russell Dale Mortland, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT**
**NOS. CR-05-582 & CR-05-583, HONORABLE WILLIAM HENRY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Russell Dale Mortland pleaded no contest to indictments accusing him of fraudulently filing financing statements (three counts) and retaliation. The court adjudged him guilty and assessed punishment at twenty-four months in state jail and a $2,500 fine for each fraud count and at ten years in prison and a $2,500 fine for the retaliation. The court suspended imposition of the sentences and placed appellant on community supervision.

Appellant, who represents himself on appeal, contends that the convictions are void because no complaints were filed. This contention is without merit. However, because there is a double jeopardy violation apparent on the face of the record, we will set aside the judgment of conviction for one of the three fraud counts. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000) (explaining when double jeopardy may be raised for first time on appeal); *Wright*

*v. State*, 981 S.W.2d 197, 199 n.2 (Tex. Crim. App. 1998) (stating that appellate court has discretion to consider unassigned error).  We will affirm the other judgments.

Each of the counts in cause number CR-05-582 alleged that appellant knowingly presented and caused to be presented for filing, a financing statement that appellant knew contained a material false statement and was groundless, and that he did so with the intent to harm and defraud the complainant.  *See* Tex. Penal Code Ann. § 37.101(a)(2), (3), (b) (West 2003).  The complainant in the third count was Luanne Caraway, Hays County Tax Assessor/Collector.  The indictment in cause number CR-05-583 alleged that appellant intentionally and knowingly harmed and threatened to harm Luanne Caraway by unlawfully filing a fraudulent financing statement, and that this was done in retaliation for or on account of Caraway's service and status as Hays County Tax Assessor/Collector.  *See id*. § 36.06(a)(1)(A) (West Supp. 2008).

The constitutional guarantee against double jeopardy protects against multiple punishments for the same offense.  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  When the same conduct violates more than one penal statute, the test to be applied to determine whether there are two offenses or only one is whether each statute requires proof of a fact that the other does not.  *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  In the absence of evidence of a contrary legislative intent, two offenses are presumed to be the same when all the elements of one offense are included within the other.  *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).  To determine whether a lesser offense is included within the proof necessary to establish the greater offense, we compare the statutory elements of the greater offense as they were alleged in the

2

indictment with the elements of the lesser offense. *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).

In *Langs*, the court of criminal appeals held that a person who is convicted of burglary by entering a building or habitation and committing a felony, theft, or assault cannot also be convicted for the felony, theft, or assault committed during the burglary. 183 S.W.3d at 686. This is because the State must prove all the elements of the underlying offense in order to prove the burglary. *Id*. The causes now before us present an analogous situation. In cause number CR-05-583, the State alleged that appellant retaliated against Caraway by unlawfully filing a fraudulent financing statement. In order to prove this allegation, the State had to prove that appellant unlawfully filed a fraudulent financing statement as alleged in count three of cause number CR-05-582. Because all the elements of the fraud offense were included within the retaliation offense, the two offenses were the same for double jeopardy purposes, and appellant's conviction for both offenses constitutes double jeopardy. Because retaliation is the more serious offense, we will set aside the fraud conviction. *See Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006).

Appellant contends that the indictments were unlawful and the convictions are void because no complaints were filed. Appellant's contention rests, however, on statutes and opinions governing prosecutions based on informations filed by the prosecutor. *See* Tex. Code Crim. Proc. Ann. art. 21.22 (West 1989) (information must be based on complaint); *State v. Pierce*, 816 S.W.2d 824, 827 (Tex. App.—Austin 1991, no pet.) (valid complaint is prerequisite to valid information). In a prosecution based on an information, the requirement of a valid supporting complaint serves to protect against the dangers arising from the concentration of power in a single prosecutor. *See Kennedy v. State*, 276 S.W.2d 291, 294 (Tex. Crim. App. 1955) (op. on reh'g). In a prosecution

based on an indictment, this protection is provided by the grand jury, which has the duty of inquiring into all offenses liable to indictment of which any member may have knowledge, or of which the grand jury is informed by the prosecutor or other credible person. *See* Tex. Code Crim. Proc. Ann. art. 20.09 (West 2005). Contrary to the arguments made by appellant, the attorney representing the State has both the right and the responsibility to go before the grand jury at any time to inform the jury of offenses liable to indictment. *Id*. art. 20.03; *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 426 (Tex. Crim. App. 1990). The return of an indictment by a properly constituted grand jury is conclusive on the issue of probable cause. *Madden v. State*, 644 S.W.2d 735, 737 (Tex. Crim. App. 1983). Therefore, and contrary to appellant's additional arguments, the right to an examining trial or preliminary hearing is terminated by the return of an indictment. *Holmes*, 784 S.W.2d at 424.

Appellant's contention that the convictions in these causes are void because there were no complaints on file is overruled. Because of the double jeopardy violation, however, the judgment of conviction on count three in cause number CR-05-582 is reversed, and prosecution of that count is dismissed. The judgments of conviction on counts one and two in cause number CR-05-582 and the judgment of conviction in cause number CR-05-583 are affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed in part; Reversed and Dismissed in part

Filed: December 30, 2008

Do Not Publish

4