## ANDERSON MELTON v. THE STATE.

No. 3895.   Decided January 12, 1916.

**1.—Murder—Continuance—Defendant as a Witness.**

Where, upon trial of murder, the State conceded diligence and the application showed that by the absent witness defendant could have proved threats by the deceased against defendant's life; that the absent witness was sick and confined in bed and defendant was not granted sufficient time to secure his deposition, the overruling of said application in the light of the circumstances of the instant case was reversible error, as this was defendant's only witness and defendant himself could not be treated as a witness.

**2.—Same—Threats—Apparent Danger.**

Where, upon trial of murder, the evidence raised the issue of apparent danger, the court should have submitted a charge thereon to the jury.

**3.—Same—Evidence—Character of Deceased.**

Where, upon trial of murder, defendant introduced testimony that the deceased was a dangerous character among his race, he should have been allowed to prove that deceased was a man who would likely execute any threats he had made to kill or inflict serious bodily injury.

**4.—Same—Motion for New Trial—Affidavit.**

Where, upon motion for a new trial, the State controverted the affidavit of defendant as to his application for continuance by an affidavit which was sworn to before the counsel for the State, the latter should not have been considered by the court.

Appeal from the District Court of Freestone. Tried below before the Hon. A. M. Blackmon.

Appeal from a conviction of murder; penalty, fifteen years confinement in the penitentiary.

The opinion states the case.

*R. M. Edwards, O. M. Wroe,* and *James McIntosh,* for appellant.— On question of continuance: Gilcrease v. State, 28 S. W. Rep., 531; Morgan v. State, 54 Texas Crim. Rep., 542, 113 S. W. Rep., 934; Casey v. State, 51 Texas Crim. Rep., 443, 102 S. W. Rep., 725.

On question of general reputation of deceased: Irwin v. State, 43 Texas, 236; Horbach v. State, 43 Texas, 242.

Upon question of affidavit before counsel: Peters v. State, 69 Texas Crim. Rep., 561, 155 S. W. Rep., 212; Pullen v. State, 70 Texas Crim. Rep., 156, 156 S. W. Rep., 935; Horton v. State, 69 Texas Crim. Rep., 89, 154 S. W. Rep., 227; Simonds v. State, 175 S. W. Rep., 1064.

On question of motion for a new trial on ground of refusing continuance: Cooper v. State, 19 Texas, 449; Black v. State, 27 Texas Crim. App., 495; McKinney v. State, 55 S. W. Rep., 337.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder and given fifteen years in the penitentiary.

He filed a second application for continuance, partly written and partly oral, the oral part being by agreement. The State concedes diligence. It is alleged, among other things, this was the only witness by whom he could prove the fact that on the day before the homicide the deceased had threatened the life of appellant. The absent witness was sick and confined and in bed with consumption. The court overruled the application, and motion was then made for postponement long enough to take the depositions of the witness, who lived about thirteen miles from town. The court ordered the case to trial, with permission to get the depositions if he could by 1 o'clock the following day. This

was impossible, and the case proceeded, resulting in a conviction of appellant for murder. The application for a continuance should have been granted. The absent witness was the only witness who knew of the threats, she being the only one present at the time the threats were made, except the defendant. Defendant, in the light of application for continuance, is not to be regarded as a witness. He does not have to take the stand unless he prefers to do so. It is a matter entirely discretionary with him. Under such circumstances the application does not treat the accused as a witness. If another witness had been present and knew of these facts, appellant would be required to exhaust all of his resources in the introduction of testimony, but the witness was absent and appellant was his only witness in regard to these matters. An affidavit of the absent witness was taken by the State in answer to appellant's motion for a new trial. In some respects it was not in conformity with but rather contradictory to the application for continuance, but not so as to the threats made the previous evening. In that respect it was in accordance with appellant's statements in his application for continuance. This was a very important matter for appellant on his theory of self-defense, as he relied upon apparent danger. The question of actual danger was not in the case. We are of opinion that this was such a showing for a continuance as should have been granted.

Another question growing out of the introduction of evidence of threats is suggested for reversal. Defendant testified to threats made by deceased and what he thought was apparent danger at the time that he fired the shot that killed the deceased. It is unnecessary to go into a detailed statement of all those matters. The question of apparent danger was clearly suggested by the evidence.

In this attitude of the case appellant proposed to prove that deceased was a man of dangerous character among his race, he and defendant being negroes, but was not so regarded as to white men. These matters having been proved, appellant then offered to show that deceased was a man of such character and reputation that he would likely execute any threat he had made to kill or inflict serious bodily injury. The court excluded this testimony upon the theory that it was but an opinion of the witness, and that the jury was as well qualified to pass on this matter as was the witness. We do not understand the law to be as found by the court. The statute provides that where threats are shown to take life or inflict serious bodily injury, the deceased's reputation as being a man who was likely to execute his threats or otherwise becomes a legitimate subject of investigation. The court erred in this matter. This character of testimony has always been held to be legitimate and proper. If the character of the deceased is such that he would likely execute a threat he had made, it becomes legitimate for the accused to show this by legitimate testimony, and, on the other hand, the State may prove good character of the deceased upon the theory that while he may have made the threats, still he was of that character and stand-

ing that would not render it probable that he would execute the threats. However, these matters are provided by statute, and the defendant was entitled to have the witness state to the jury whether or not deceasd was a man who would likly execute a threat when he made it. For this reason the judgment should be reversed.

The State met the defendant's application for a new trial with the affidavit of the absent witness mentioned in the application for continuance. In part this affidavit would contradict the motion for continuance, but would sustain it with reference to the threat made the day prior to the homicide. This was entertained by the court, and evidently considered in making up his judgment overruling the motion ·for a new trial. The affidavit shows to have been taken before counsel for the State. This counsel swears the witness who made the affidavit. Under the authorities found in our reports this affidavit should not have been considered, and the court was in error in considering it under the circumstances.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*