## Ex Parte A. Green.

### No. 9469.   Delivered May 15, 1925.

**1.—Contempt of Court—Jurisdiction—On Appeal—In Civil Contempt.**

Where a judgment of contempt has been entered against a defendant under Sec. 38, Chap. 78, Acts of 36th Leg., 2nd Called session, in a district court, an appeal taken to the Supreme Court, the judgment of the trial court affirmed, this court will not entertain jurisdiction in such cause, invited by an appeal from an order of the district court remanding appellant on hearing of a writ of Habeas Corpus, praying for his discharge, by reason of a pardon granted him by the governor.

**2.—Same—Continued.**

The Supreme Court of this state or one of its Judges, may issue a writ of Habeas Corpus *where any person is restrained of his liberty by virtue of any order, process, or commitment, issued by any court, or judgment, on account of violation of any order, judgment or decree theretofore made, rendered or entered by such court or judge in any civil cause.* Rev. Stats., Art. 1529.

**3.—Same—Continued.**

This court has, in a number of instances, expressed the opinion that applications for writs of *habeas corpus* against a judgment of contempt of Court for violating an injunction issued in a civil case should be primarily presented to the Supreme Court. See Ex Parte Alderete, 83 Tex. C. R. 359, Ex Parte Houston, 87 Tex. C. R. 9.

For the reason stated the appeal is dismissed.

Appeal from the District Court of Stephens County.   Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from an order of the District Judge of Stephens County refusing to discharge the appellant upon his application for a writ of habeas corpus.

The opinion states the case.

*T. B. Ridgell,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This ·is an appeal from the order of the District Judge of Stephens County refusing to discharge the appellant upon his application for a writ of habeas corpus.

The antecedent facts are understood by this court to be in substance these: A suit was brought under the authority of Section 38, Chap. 78, Acts of 36th Leg., 2nd Called Session, known as the Dean Law. The purpose of the suit was to enjoin the appellant from engaging in the unlawful sale of intoxicating liquor. The injunction was granted. Appellant was subsequently charged with violating it and upon hearing was adjudged guilty of contempt and condemned to pay a fine and to suffer imprisonment in the county jail. From this judgment an appeal was taken to the Supreme Court of this State, and upon affirmance of the judgment, a mandate was issued to the District Court of Stephens County. By authority of the judgment of contempt, appellant was taken in custody by the sheriff of Stephens County, and in the District Court of that county he sought his discharge by way of habeas corpus. The denial of such release resulted in the present appeal.

Chapter 78 mentioned above, known as the Dean·Law, prohibits under prescribed penalties the sale of intoxicating liquors except for certain permitted purposes. In Sections 38 and 39 of the chapter mentioned, in addition to the provision declaring a criminal offense, it provides that an injunction may be granted upon suit by the proper authorities. The court issuing the injunction is also given authority in Section 39 of the act, supra, to punish its violations by judgment of contempt.

The punishment in the present case is within the limits named in the section mentioned. The obvious purpose of Sections 38 and 39, supra, is to give the civil courts the power to prevent violations of the law in the particular in question and to enforce the injunction by a contempt proceeding. The appellant's restraint is by force of a judgment which the district court was given the express authority to enter.

In the present proceeding, appellant invokes the jurisdiction and power of the Court of Criminal Appeals to release him from restraint under the judgment, basing his claim upon the .proclamation of the Governor of this State granting him a full pardon and exempting him from the penalties prescribed in the judgment mentioned.

The Constitution of this State confers upon the Court of Criminal Appeals the power to issue writs of habeas corpus in all cases of illegal restraint. The Constitution also declares that the Legislature may confer upon the Supreme Court jurisdiction to issue writs of habeas corpus in certain cases. The Legislature, in pursuance of

this authority, has declared that the Supreme Court or one of its judges may issue a writ of habeas corpus *"where any person is restrained in his liberty by virtue of any order, process or commitment, issued by any court or judgment, on account of the violation of any order, judgment or decree, theretofore made, rendered or entered by such court or judge in any civil cause."* Upon the issuance of such writ, the Supreme Court or its judges shall have the authority to admit the applicant to bail pending decision. See Revised Statutes, Art. 1529.

This court has, in a number of instances, expressed the opinion that applications for writs of habeas corpus against a judgment of contempt by a court for violating an injunction issued in a civil case, should primarily be presented to the Supreme Court. Among the instances are Ex parte Alderete, 83 Texas Crim. Rep. 359; Ex parte Houston, 87 Texas Crim. Rep. 9. From one of these cases we quote:

"Upon the same principle, this court will refrain from issuing writs of habeas corpus against restraint under orders in a civil case because it is more orderly and expedient that the Supreme Court should pass upon such habeas corpus proceedings as are placed within its jurisdiction by the statute mentioned above. So in a contempt proceeding where it appears that it grows out of an alleged failure to observe an order in a civil cause this court will refuse to grant the writ relegating the party to his remedy in the Supreme Court." (Ex parte Alderete, 83 Texas Crim. Rep. 360.)

As applied to the present instance in which the appellant seeks relief from the judgment of contempt entered against him in a civil case, we are of the opinion that he should invoke the jurisdiction of the Supreme Court to give him any relief to which he is entitled before asking this court to discharge him. Giving effect to this view, we decline to consider the matter upon its merits, but order a dismissal of the appeal to the end that the appellant may pursue such course as to him seems expedient and proper.

In connection with this appeal, appellant has sought release on bail pending the decision of the matter. Because he is in custody, we have given the matter immediate attention. The authority of this court or the Supreme Court to grant bail when it grants an original application for a writ of habeas corpus is clear; not so, however, in the appeal of a habeas corpus case.

For the reason stated, the appeal is dismissed.

*Appeal dismissed.*