## Ex Parte John A. McKenzie.

No. 13515. Delivered May 7, 1930.
Reported in 28 S. W. (2d) 133.

See also 11 S. W. (2d) 172; 12 S. W. (2d) 578.

*G. W. Boyd* of Dallas, and *Glen L. Bruner* of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—This is an original application for habeas corpus asking that applicant be discharged from unlawful restraint and incarceration, or "For such other remedy that this Honorable Court may deem just and right according to the laws and statutes made and provided." The application is made, based on an affidavit stating that applicant was insane at the time of his trial and conviction of murder.

Insanity is a sort of generic term, comprehending all kinds and conditions of mental unsoundness and derangement, and its existence

vel non is an issuable fact,—and as understood and applied in criminal jurisprudence as a defense to crime, such issue does not arise in every case, but is brought forward by a plea made by the accused, and must be established by him to the satisfaction of the jury. Every man charged with crime is presumed to be sane until the contrary is established, and the burden of showing that such person is insane is upon him, and is not discharged by proof which goes no further than to show him mentally unsound, i. e. in common parlance, insane; but such proof must go further and show him to be so mentally unsound at the very time of the commission of the crime as not to know the nature and consequences of the act charged. Recurrent insanity or partial insanity or mere mental unsoundness, might be proved in a given case and yet the accused not be exculpated from criminal liability for his acts. Insanity vel non in a given case is an issue about and upon which laymen and experts differ. Two laymen of equal powers and opportunity for observation, will have opposite views; also two experts.

While the making of an affidavit for lunacy might suffice to bring about a trial of that issue in a court of competent jurisdiction, we know of no law authorizing this court to grant a writ of habeas corpus upon the mere making of such affidavit. This is not a nisi prius court, and we have no power given us by statute or Constitution to hear evidence in any case save one involving some question as to our own jurisdiction. Nor do we believe we have any right to issue any such writ upon an affidavit such as is here offered, and attempt to make same returnable to any trial court with directions to try the issue of insanity. It is more than questionable as to whether we have any authority over any trial court in such matters. From the record on file in this court it is plain that applicant was ably defended when upon trial for murder. The situation revealed by said record indicates activity and participation in the trial by applicant himself. Said trial was exhaustive. If there had been any evidence of insanity, or desire to interpose such plea, it appears to us same should have been advanced at that time.

Upon the showing made the application will be denied.

*Denied.*