## Ex Parte J. J. Maple.

No. 14099.    Delivered November 27, 1930.
Reported in 33 S. W. (2d) 739.

136

*F. O. Fuller* and *C. J. Ginn,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

STATEMENT OF THE CASE.

The applicant, J. J. Maple was convicted of murder and given a death sentence in the District Court of Harris County.

The record shows that he in person waived the right of appeal and accepted the sentence, which was pronounced in accord with the terms of the verdict and the judgment rendered thereon.

Clarence J. Ginn and F. O. Fuller represented him in the trial having been appointed by the trial court.

His attorneys seem to have filed a motion in the trial court asking for a trial of the issue as to whether he was sane or insane. Attached to the motion was an affidavit made by Chas. H. Mayer to the effect that affiant believed that Maple was insane.

On the 24th day of November, A. D., 1930, the District Court in which Maple was convicted rendered its judgment striking from the record "the affidavit of insanity" and refused a trial upon the issue claimed thus to be presented. Afterwards, the attorneys representing Maple, namely, Clarence J. Ginn and F. O. Fuller, presented to the Court of Criminal Appeals an original petition for a writ of habeas corpus and for mandamus. In the application it is stated that Maple is confined in the penitentiary and will be executed on November 28th.

A writ of mandamus is sought ordering the Honorable Whit Boyd, Presiding Judge of the Criminal Court of Harris County "to proceed with the trial of J. J. Maple to determine his sanity."

To the application presented to the Court of Criminal Appeals for writ of habeas corpus and for mandamus are attached a certified copy of the affidavit of the said Chas. H. Mayer, and also the original affidavit made by F. O. Fuller, but it does not appear that the affidavit made by F. O. Fuller was presented to the trial court.

*Reporter.*

COURT'S DENIAL OF RELATOR'S APPLICATION FOR WRIT OF
HABEAS CORPUS.

MORROW, PRESIDING JUDGE, LATTIMORE, JUDGE.—There is presented, in Chambers, by attorneys for J. J. Maple an application for writ of habeas corpus and for mandamus. It is charged in the application that J. J. Maple is confined in the penitentiary at Huntsville, Texas, and will be executed under a judgment of Criminal District Court No. 1 of Harris County, Texas, on November 28th. There is an application for writ of mandamus ordering the Hon. Whit Boyd, Presiding Judge of the Criminal District Court of Harris County, to proceed with the trial of J. J. Maple to determine his sanity. From the attached papers and from the records of this court the Judges of the Court of Criminal Appeals are aware of the following facts:

The motion for new trial by J. J. Maple was overruled on the 18th day of October, 1930. He declined to appeal to this court. The date of his execution was set for November 18, 1930, but was delayed by the Governor of the State to await a decision of this court upon application for mandamus heretofore presented.

On the 21st day of November there was filed in the Criminal District Court aforesaid an affidavit of Charles H. Mayer asserting that the said J. J. Maple was insane, and seeking a trial on the issue of insanity as authorized and required under the provisions of Title 12 of the Code of Criminal Procedure of this State. Upon a hearing the affidavit was stricken from the record and the relief requested denied by the Criminal District Court aforesaid.

Attached to the application for writ of habeas corpus and mandamus before this court there is an affidavit by F. O. Fuller, who was the attorney appointed by the court and who defended the said J. J. Maple upon his trial for murder in said court, said affidavit of F. O. Fuller asserting that he believes and has reason to believe that said J. J. Maple is insane. This last named affidavit does not appear to have been presented to the trial court.

The order of said Criminal District Court made on the 24th of November, 1930, as it appears in said application, reads as follows:

"On this the 24th day of November, A. D. 1930 came on to be heard the motion of F. O. Fuller, claiming to represent the defendant J. J. Maple for an insanity trial in the above entitled and numbered cause; and appeared the parties, the State by her District Attorney and F. O. Fuller in person, and the defendant not being present, the said motion and evidence having been heard by the Court and the argument of F. O. Fuller thereon, the Court is of the opinion that the said motion should be overruled and refused, and that the affidavit of insanity should be stricken from the docket of this court.

"It is therefore considered, ordered and adjudged by the Court that the said motion for an insanity trial be refused and overruled and that the said affidavit of insanity should be stricken from the docket of said Court, to which order and judgment of the Court the said F. O. Fuller excepts."

The action of the Criminal District Court in denying the insanity trial is a matter of which this court has no jurisdiction on appeal. As the matter comes here the presumption is indulged that in refusing to order the insanity trial the trial court acted within its discretion.

In the statute, Title 12, above referred to, it is provided as follows:

"Art. 921. If it be made known to the court at any time after conviction, or if the court has good reason to believe that a defendant is insane, a jury shall be impaneled as in criminal cases to try the question of insanity.

"Art. 922. Information to the court as to the insanity of a defendant may be given by the affidavit of any respectable person, stating that there is good reason to believe that the defendant has become insane."

In passing upon the affidavit it was the duty and discretion of the trial court to determine the matter set forth in the two articles of the statute above quoted. A "respectable" person is defined in the law books as synonymous with a "credible, disinterested witness." Words & Phrases, 1st Ed., p. 676.

From the record before us it must be assumed that it had not been made known to the trial court that appellant J. J. Maple had become insane by the affidavit of a respectable person as defined in the statute or otherwise, and the judgment of the trial court under such circumstances refusing to conduct an insanity inquiry is conclusive upon this court. The affidavit of F. O. Fuller, attached to the application to this court, is without weight so far as it affects this application, for the reason that there is no procedure by which an insanity hearing is required or authorized because of an affidavit filed in the appellate court.

For the reasons stated the application for writ of habeas corpus and for mandamus will be refused.

*Refused.*

HAWKINS, J., absent.

MORROW, P. J., LATTIMORE, J.—Touching the above matter, after the writs described in the application were denied in a written memorandum delivered in chambers, counsel presented an additional application, copy of which was attached to the original application. In the additional paper it is stated in substance that the judges were mistaken in that part of the order refusing to issue the writs, wherein it is stated that the affidavit of F. O. Fuller attached to the application did not appear to have been presented to the trial court. The affidavit mentioned is dated the 26th of November. The district court's order refusing an insanity trial was dated the 24th day of November. In the original application presented here counsel stated that Mr. Fuller's affidavit had been presented to the

trial court. What purports to be the original affidavit made by Mr. Fuller is attached to the application which was refused. It bears, however, no file mark or certificate of the clerk showing its presentation to the trial court. The mere statement in the application that it had been presented did not impress this court as justifying any action upon it. The application for writ of habeas corpus and the averments therein are mere pleadings and not proof of the facts therein set forth. This is the holding of this court in many cases. See Barginer v. State, 23 S. W. (2d) 365 and authorities cited therein. It may be added, however, that as to the above statement and others a further discussion of the Fuller affidavit was pretermitted for the reason it was noticed that it was made by the attorney who represented appellant on the trial of the case and who appeared for him in the presentation of the request for writ of habeas corpus and mandamus. The Statute, Art. 922, sets forth the character of an affidavit; namely: "one by a respectable person." The term "respectable" as set forth in such a statute has been judicially construed as meaning a competent, credible and disinterested witness. We know nothing that would make Mr. Fuller other than competent and credible. But that he is not disinterested is manifest by the statements above showing his interest in the litigation.

The court in many cases, both old and new, has expressed itself as unwilling and unauthorized to base affirmative action upon motions setting up newly discovered evidence where the affidavit is taken before the attorney representing the accused in the trial, it being the position of the court that his interest in the matter disqualifies him from performing the function of a notary public in such cases. Maples v. State, 131 S. W. 567; Scott v. State, 65 Tex. Cr. R. 40; Melton v. State, 182 S. W. 289; Hall v. State, 185 S. W. 574; Gibbs v. State, 268 S. W. 736; Kellum v. State, 240 S. W. 1109.

Mr. Fuller apparently has been very diligent in performing the difficult and unpleasant duty of defending a man who insisted upon entering a plea of guilty of murder which plea was fully supported by the evidence upon the trial in which there were no facts developed requiring the presentation of the issue of insanity, and the conduct of Mr. Fuller in the matter has been commendable. This court, however, even if it appeared that his affidavit had been presented to the trial court, would not be justified in overturning the action of the trial court in refusing to order an insanity hearing upon the strength of the affidavit mentioned.

*Denied.*