EX PARTE W. MORRELL.

No. 19916. Delivered June 15, 1938.

` The opinion states the case.

*Howth, Adams & Hart* and *Gaston H. Wilder, Jr.,* all of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—It appears from the record that the appellant was charged in the justice court of Jefferson County with having violated the stock laws of that county. The complaint seems to be sufficient to charge that offense.

A warrant was duly issued by the justice court, in pursuance of the complaint, commanding the sheriff of said county to arrest appellant and bring him before said court to answer to the charge. It seems that before his trial and during the pendency of the complaint, appellant applied to the county judge of said county for a writ of habeas corpus, praying that upon a hearing thereof he be discharged from custody. The court granted the writ and upon a hearing thereof, declined to discharge him, from which order he has appealed to this Court.

Appellant contends that the order for the stock law election was made by the commissioners' court at a special term; that notice of said election was not given in the manner and form and for the length of time required by law, etc. It is obvious that these matters could have been presented as a defense by the appellant upon his trial. Whether or not the proceedings relating to the adoption of the stock laws were regular, were questions of fact to be determined by the trial court. If they were not regular the trial court would have, no doubt, given him the relief to which he was entitled.

This Court has consistently held that a writ of habeas corpus will not lie where the remedy at law is adequate; nor will it lie after an indictment to prevent a trial on the merits. See Ex parte Mears & King, 129 Texas Crim. Rep. 465, and authorities cited.

Inasmuch as appellant has an adequate legal remedy, this Court will not interfere with the jurisdiction of the trial court over the person and subject matter. The judgment of the trial

court remanding appellant to the custody of the sheriff will therefore be affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.