J. B. STEPHENS V. THE STATE.

No. 23047. Delivered January 3, 1945.

The opinion states the case.

*Howard Dailey,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

We adopt the brief of the State's Attorney before this court as our opinion herein:

"This is an appeal from the District Court of Ellis County, Texas, from an order of the Honorable A. R. Stout, Judge of said Court, refusing to grant appellant a trial or hearing on

the question of his sanity or insanity upon the petition, application and request of the Honorable Howard Dailey, to which is attached the affidavit of Essie Clinkscales, Lola Clinkscales and Pearl Stephens, wherein it is stated or alleged that the said J. B. Stephens is now insane; that he has become insane since his conviction for the offense of murder, the jury having assessed the death penalty in the District Court of Ellis County, Texas, and from which judgment of conviction appellant appealed to the Honorable Court of Criminal Appeals and the judgment of the trial court was affirmed by the Honorable Court of Criminal Appeals.

"Article 921, Code of Criminal Procedure, as amended by the 42nd Legislature, provides in substance that if, after conviction, a person becomes insane and such fact be made known to the judge of the court in which the conviction occurred a jury shall be impanelled as in ordinary cases to try the question of insanity; and Article 922, Code of Criminal Procedure, defines 'information to the Judge of the Court,' as provided in Article 921, above referred to, stating that such information shall consists of the affidavit of (1) the superintendent of some State institution for the treatment of the insane, or (2) the affidavit of not less than two licensed and regularly practicing physicians of the State of Texas, or (3) the affidavit of the prison physician or warden of the penal institution wherein the defendant is imprisoned, or (4) the county health officer of the county where the defendant was finally convicted, which affidavit, if made, shall state that, after a personal examination of the defendant, it is the opinion of the affiant that defendant is insane; and said affidavit shall, in addition thereto, set forth the reasons and the cause or causes which have justified the opinion.

"Obviously, appellant's petition and affidavits do not comply with the requirements as set out in Article 922, Code of Criminal Procedure, and the judge of the District Court of Ellis County did not err in refusing to hear evidence on said application. See Ex parte Maple, 116 Tex. Cr. R. 135, 33 S. W. (2d) 739; Ex parte McKenzie, 116 Tex. Cr. R. 144, 28 S. W. (2d) 133."

Wherefore this cause is dismissed.