## EDGAR L. DOTSON v. THE STATE.

No. 23443. Delivered June 26, 1946.

The opinion states the case.

*Preston P. Reynolds,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

This is an appeal from an order of the Criminal District Court No. 2 of Dallas County, declining to entertain appellant's application for a trial as to his insanity after conviction based solely upon the affidavit of his mother that he has become insane since the date of his conviction.

It appears from the transcript before us that appellant was indicted on September 15, 1944, for the offense of murder with malice; that on the 19th day of January, 1945, he was tried in the District Court of Dallas County for said offense and his punishment was assessed at death. From that judgment he appealed to this court. The case was affirmed by this court on November 7, 1945, and a rehearing denied on January 9, 1946. Thereafter, on the 3rd day of June, 1946, appellant, by and through his attorney, filed an application in the court of his conviction praying for a stay of sentence and execution for the reason that he had become insane since his trial and is now insane. This application is supported only by the affidavit of his mother, Mrs. Viola Dotson, and is made a part of the application. The trial court, after examining the application and the affidavit, overruled the same on the ground that the defendant had failed to present the "affidavit of the Superintendent of some State Institution for the treatment of the insane, or the affidavit of not less than two licensed and regularly practicing physicians of the State of Texas, or the affidavit of the prison physician or warden of the Penal Institution wherein the defendant is in prison, or the County Health Officer of the County where the defendant was finally convicted," etc. These are mandatory requisites which are provided by Art. 922, C.C.P., and must be pursued before the trial court would have jurisdiction of the matter in determining the issue of insanity. Inasmuch as the affidavit in the present instance is wholly insufficient, the trial court was justified in overruling the same. See Stephens v. State, 184 S. W. (2d) 284.

The order of the trial court overruling the application is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.