### STATE v. MORRIS.
### No. 2757.

Court of Civil Appeals of Texas. Tenth District. Waco.

Feb. 5, 1948.

Rehearing Denied March 4, 1948.

702

See also 198 S.W.2d 901.

Price Daniel, Atty. Gen., and W. V. Geppert, Asst. Atty. Gen., and F. C. Williams, of Palestine, for appellant.

Kyle Vick, John B. McNamara and C. S. Farmer, all of Waco, for appellee.

HALE, Justice.

Marshall Morris, hereafter referred to as relator, sued out a writ of habeas corpus in the court below on February 3, 1947, alleging that he was being illegally restrained of his liberty by the sheriffs of Anderson and McLennan Counties, respectively, who will hereafter be referred to as respondents. As grounds of his complaint relator pleaded that he had been convicted in the County Court of Anderson County of aggravated assault and his punishment assessed at a fine of $500 and confinement in the county jail for one year; that the Governor of Texas thereafter granted him a pardon, thereby reducing his fine to $100 and eliminating his jail sentence; that he accepted the pardon and tendered the sum of $100 to the proper officials of Anderson County in satisfaction of the foregoing judgment, but they refused to accept the same and caused a capias to be issued for his arrest; and that by reason of the facts therein alleged, the issuance of the capias and his ensuing arrest and confinement in the McLennan County jail were illegal.

On February 7th respondents appeared, in obedience to the writ, and filed their answer. They therein admitted, in effect, the truth of the facts upon which relator based his complaint, but pleaded that the pardon relied upon by relator was null and void because its issuance had been induced by certain false and fraudulent representations therein fully set forth and they prayed that relator be remanded to their custody. At the same time the State of Texas, acting by its Attorney General, hereafter referred to as the State, voluntarily appeared and with leave of the court filed its plea of intervention in the proceed-

ing, wherein it pleaded substantially the same facts alleged in the answer of respondents and prayed that the State have judgment declaring the pardon to be null and void.

On February 27th a jury was impaneled to try the issues drawn by the foregoing pleadings. After extensive evidence had been adduced thereon the court discharged the jury and declared a mistrial on March 1st because of objectionable conduct of counsel for the State in the presence of the jury.

On March 7th, at 9 o'clock in the forenoon, the State filed and presented its motion for permission to withdraw its plea of intervention and to be dismissed from the proceeding upon the ground that it did not desire to further prosecute in that court "its cause of action as set up in its plea of intervention, and hereby takes a voluntary non-suit." Although the court signed an order granting the foregoing motion immediately after the same was filed and presented, the record discloses that within 10 minutes thereafter the court signed and filed another order setting aside the prior order granting said motion.

At the next succeeding term, on to-wit: April 21, 1947, the court below rendered a final judgment in the proceeding. This judgment recites that the cause came on for hearing before a jury with relator, respondents and the State present, and after hearing the pleadings and evidence the court instructed the jury to return the following verdict: "We, the jury, find that the pardon granted to the relator, Marshall Morris, was not obtained by fraud or fraudulent representations. We, therefore, find for relator, Marshall Morris." In accordance with the verdict, the judgment decrees that the pardon was not obtained by fraud, that it therefore became a valid, unconditional pardon when relator tendered to the County Clerk of Anderson County the sum of $100, and orders relator released from the unlawful restraint under which he had been held by respondents. The State excepted to the judgment, gave notice of appeal therefrom to this court and in due time caused a proper record of the proceedings to be filed here.

Under the two points upon which its attempted appeal to this court is predicated, the State says the court below erred: (1) "in entering an order setting aside its order granting the State of Texas a non-suit and dismissing the State of Texas from the suit"; and (2) "in rendering a judgment decreeing the pardon in question was not obtained by fraud and fraudulent representations and that it had become a valid, unconditional pardon, in that a pardon is a contract between the State of Texas and the recipient thereof, and the State of Texas, one of the parties to said instrument, was not before the court, and was a necessary party in a suit in equity to determine whether or not such contract should be cancelled."

On the other hand, relator says in his brief that this court does not have jurisdiction over the State's attempted appeal because the judgment of the court below was rendered in a criminal and not in a civil case. He further says, among other things, that if this court does have jurisdiction to review the judgment appealed from no reversible error is shown because the State, by its voluntary appearance in the court below, made itself a party defendant to relator's civil suit, if such it was, and hence the State could not thereafter properly take a nonsuit or be dismissed from the proceeding to relator's prejudice.

The appellate jurisdiction of this court extends only to civil cases. Art. V, Sec. 6, Const. of Tex., Vernon's Ann. St. Art. 1819, Vernon's Tex.Civ.Stats. In order to determine whether a proceeding by habeas corpus to remove an unlawful restraint is to be regarded as a criminal or a civil case for jurisdictional purposes it is necessary to look to the cause of the restraint. If the restraint is by reason of a violation or a supposed violation of some criminal or quasi criminal law the proceeding will ordinarily be regarded as a criminal case; but if the restraint is not because of some supposed violation of criminal law, then the proceeding must be classed as a civil case. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Ex parte Jack-

son, 113 Tex. 58, 252 S.W. 149; Ex parte Green, 100 Tex.Cr.R. 180, 272 S.W. 161.

Although the remote cause of relator's restraint in this case was his judicial conviction for the violation of a criminal law, it is apparent from the pleadings of all the parties that the direct and immediate cause of his restraint was the refusal of the State of Texas and the proper officers of its political subdivisions to recognize and concede the validity of the executive pardon issued by the Governor and relied upon by relator for the relief sought by him. If in fact the pardon was procured through fraud, then it was null and void and consequently the arrest and detention of relator was not illegal, as asserted by respondents and the State. Conversely, if the pardon was not procured through fraud it became absolute and unconditional when relator tendered to the proper officers of Anderson County the sum of $100, and consequently relator's subsequent restraint was illegal, as asserted by him. Thus, the ultimate issue of fact drawn by the pleadings of the parties to this proceeding was whether or not the pardon was tainted with that degree of fraud which in equity vitiates civil contracts. Therefore, under the filed pleadings in the cause we hold that this court does have jurisdiction to review the judgment of the court below. Ex parte Wolf, 116 Tex.Cr.R. 127, 34 S.W.2d 277; Ex parte McKenzie, 116 Tex.Cr.R. 144, 28 S.W.2d 133; Tunnell v. Reeves, Tex.Com. App., 35 S.W.2d 707.

However, on the entire record before us, we do not think the State has shown itself entitled to a reversal of the judgment under either of the two points upon which its appeal is predicated. But for the alleged invalidity of the pardon relied upon by relator, this proceeding would have been wholly criminal in nature and doubtless would have terminated on February 7, 1947 in relator's release. Whether properly or not, the State voluntarily sought and secured permission on that date to inject into the proceeding the ultimate fact issue which, in our opinion, converted the proceeding into a civil suit. Having thus invoked the chancery powers of the court below, it is clear to us that

the State ought not, in good conscience, to have been permitted on March 7th, or at any time thereafter, to withdraw its plea of intervention or to have been dismissed from the proceeding over the objection and to the prejudice of relator, thereby reconverting the proceeding from a civil suit in equity back again into a criminal suit at law, merely because the State, for some undisclosed reason, did not desire to further prosecute its contentions in that court.

Furthermore, on March 7th, after the court had set aside its order granting the State permission to withdraw its plea of intervention, relator filed his first amended answer thereto. In this amended answer relator not only denied expressly all allegations of fact contained in the plea of the State, but he affirmatively alleged that the pardon relied upon by him was not procured by fraud and he prayed that the court so find and decree. On April 21st the State filed and presented its motion requesting the court to set aside the second order entered in the cause on March 7th, thereby in effect again moving the court to permit it to withdraw its plea of intervention and be dismissed from the proceeding, but this motion was overruled. The record indicates that the Assistant Attorney General and counsel for respondents then retired from the bar and took seats in the rear of the courtroom where they silently remained while the case was being tried on its merits before the jury. They made no objection during the trial and offered no evidence in support of their pleadings.

Therefore, we have concluded that the State was legally present before the court below, both by its filed pleadings and in the person of its quiescent attorney, when the court judicially determined from the trial pleadings of the parties and the evidence adduced thereon that the pardon relied upon by relator was not obtained through fraud and rendered judgment accordingly.

Moreover, in so far as the practical results of this attempted appeal are concerned, it appears to us to be immaterial whether the State was or was not legally before the trial court when final judgment was rendered therein. If it was legally in

court then its points of error should be overruled and the judgment appealed from should be here affirmed; but if it was not legally in court then the judgment complained of was rendered in a criminal proceeding and the State's attempted appeal to this court should be here dismissed for want of jurisdiction. In neither event could this court properly reverse the judgment upon the points relied upon for a reversal.

From what has been said it follows that in our opinion the judgment of the trial court should be in all things affirmed and it is accordingly so ordered.