## MOZINGO v. MITCHELL.

### No. 9811.

Court of Civil Appeals of Texas. Austin.

May 11, 1949.

Rehearing Denied June 1, 1949.

Wm. Yelderman, of Austin, for appellant.

Tom Blackwell, Asst. Dist. Atty., of Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the Judge of the 53rd Judicial District Court of Travis County, Texas, remanding Loretta Mozingo, a minor female child, to the custody of the Probation Officer of Travis County.

The petition for a writ of habeas corpus alleges that the named Loretta Mozingo is illegally confined and restrained of her liberty at the Home of the Good Shepherd in San Antonio, Texas, by virtue of a judgment of the Juvenile Court of Travis County, Texas, and that the order is void, and that by reason of the terms and dates of said order no appeal can now be had and that the petition for habeas corpus is the only recourse available to secure the release of the child.

The principal allegation and contention made in oral argument on behalf of the child is that the Juvenile Court never acquired jurisdiction over the person of the child, in that the complaint does not allege any offense or state of facts to exist in reference to the child to show her to be a delinquent child, and further that the place of confinement is a religious institution espousing the Catholic faith, and that the restraint of Loretta Mozingo in such institution is in violation of the Constitution of the United States and of the State of Texas.

We have not been furnished with a statement of facts, but since the charge for such is listed as $3.50, we assume there was no dispute as to the facts.

From the transcript it appears that on December 10, 1948, a petition was filed by the County Attorney alleging facts which he said constitute Loretta Mozingo a delinquent child, to-wit: said child habitually violated the school attendance law, and habitually conducted herself as to endanger her health and morals and the health and morals of others; that on November 3, 1948, she left home without the knowledge of her mother and was apprehended in Grandview, Texas; that on December 10, 1948, she was apprehended by an employee in a local store (naming it) for the theft of cosmetics, which were recovered from the person of said child.

Sec. 3 of the Act, Act 2338—1, V.A.C.S., defines "delinquent child" as, among others, (e) habitually violates a compulsory school attendance law of this State, (f) or who habitually so deports himself as to injure or endanger the morals or health of himself or others. There are other features of the Act, such as violation of the Penal Law of the grade of felony—misdemeanor where punishment may be by confinement in jail, or by fine only.

On January 17, 1949, the petition was heard, with the child in person, the Proba-

tion Officer, her mother and father, and announced ready for trial; and after hearing the evidence the court found the said child was a delinquent child under the age of 18 years, having been born May 9, 1934, and the said Loretta Mozingo was declared a delinquent child and committed to the Gainesville State School for Girls, and subject to further orders of the court, and on the same day the sentence was suspended and the child placed on probation (in charge of the Probation Officer), to remain in the custody of Leroy Mozingo, subject to further orders of the court.

No exceptions or motions were made directing attention of the court to the insufficiency of the complaint, or any objection to the proceedings, but on the contrary it may be assumed that the parents of the child acquiesced therein, and notice of appeal was not given or taken. On February 26, 1949, the court having heard evidence as to conduct of the child subsequent to the order of suspension entered on January 17, 1949, set the suspension aside and committed the said child to Gainesville State School for Girls according to the original order. No objections or exceptions were made to this order of the court.

On March 3, 1949, a further hearing was had concerning the change of custody of the child, and with the parents of the child as well as the child being present, and evidence having been heard, the custody of the child was changed and she was placed in the custody of the Home of the Good Shepherd at San Antonio, and the said convent of the Good Shepherd was given the guardianship and control of said child for an indeterminate period of time, etc., subject to further orders of the court; to which action of the court no exception was taken.

On March 24, 1949, the original habeas corpus was filed, and answer of the Probation Officer was made on April 2, 1949. On March 29, 1949, hearing was set for April 4, 1949. At the hearing on April 4, 1949, the court denied the relief sought and remanded the child to the custody of the Probation Officer, in conformity with the judgment of the Juvenile Court entered by said court on January 17, 1949, and to which action the petitioner, W. A. Mozingo, excepted and gave notice of appeal.

■ The writ of habeas corpus is an extraordinary writ and does not lie when other relief may be had. Ex Parte Travis, 123 Tex. 480, 73 S.W.2d 487.

■ In this proceeding the petitioner had an adequate remedy at law by appealing from the original order of January 17, 1949, after making suitable exceptions and motions, but apparently all parties at interest were satisfied, and a writ of habeas corpus will not lie. Ex Parte Morrell, 135 Tex.Cr.R. 179, 118 S.W.2d 315.

The writ of habeas corpus is not permitted as a substitute for appeal. Ex Parte Bonds, 148 Tex.Cr.R. 198, 185 S.W.2d 984; Ex Parte Huddleston, 149 Tex.Cr.R. 388, 194 S.W.2d 401.

■ The sole question before us is whether the judgment or order of January 17, 1949, is void. The judgment or order of a trial court is in law presumed to be correct, and such presumption obtains until the contrary is made to appear. The order complained of is valid on its face and the recitations are to the effect that all parties at interest were before the court, and no motions made pointing out the insufficiency of the complaint were lodged. Ex Parte Huddleston, supra; Ex Parte Minor, 146 Tex.Cr.R. 159, 172 S.W.2d 347.

■ The court is presumed to act in accordance with law in rendering judgment, and an applicant not be released where there is no proof to sustain the allegations. Ex Parte Clinnard, 145 Tex.Cr.R. 460, 169 S.W.2d 181.

See 25 Am.Jur., par. 12, for a complete discussion of the writ generally and specifically with cases noted.

In the case of Robinson v. State, Tex. Civ.App., 204 S.W.2d 981, special exception attacked the petition, and direct appeal was taken.

In re Fisher, Tex.Civ.App., 184 S.W.2d 519, was a direct appeal from an order overruling motion for new trial.

The case of In re Dendy, Tex.Civ.App., 175 S.W.2d 297, was an appeal from an order overruling a motion to dismiss. Dendy et al. v. Wilson, 142 Tex. 460, 179 S.W.2d

269, 151 A.L.R. 1217, is an opinion by the Supreme Court, going into detail and affirming the judgment of the Court of Civil Appeals.

From what has been said it is apparent that petitioner cannot use the writ of habeas corpus as a substitute for an appeal.

The judgment of the trial court is affirmed.