Court of Criminal Appeals of Texas.
April 25, 1951.

Rehearing Denied June 13, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

Relator is confined in the Smith County jail following conviction in each of four cases charging a misdemeanor.

Relator presented to Honorable Ned Price, County Judge of Smith County, his application for habeas corpus alleging that he is afflicted with and suffering from a disease of such a nature that any species of confinement will endanger his life.

This appeal is from the judgment entered by Judge Price at the conclusion of the hearing, remanding relator to the custody of the sheriff until the fines and costs in said convictions are paid or satisfied.

The statement of facts fully supports the finding of the trial judge that relator failed to show that confinement would endanger his life.

Where the confinement is after conviction, it must be shown that any confinement would endanger the life of the prisoner before he is entitled to release. See Art. 137, C.C.P.; Thomas v. State, 40 Tex.Cr.R. 562, 51 S.W. 242, 46 L.R.A. 454; Ex parte Tittle, 37 Tex.Cr.R. 597, 40 S.W. 598.

The facts further support the trial court's finding that the treatment prescribed by relator's private physician, both medicines and diet, could be received by relator while confined in jail. Under such circumstances, relator is not entitled to release. See Ex parte Lynch, 150 Tex.Cr.R. 239, 200 S.W.2d 828.

The judgment of the trial court is affirmed.

## Ex parte MOZINGO.
### No. 25269.

Court of Criminal Appeals of Texas.
May 16, 1951.

Rehearing Denied June 13, 1951.

850

Claud J. Carter, Jr., San Antonio, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant is confined in the State Training School for Girls, at Gainesville, by virtue of having been adjudged a juvenile delinquent under Section 3 of Article 2338–1 of Vernon's Revised Civil Statutes of Texas.

Her father, as next friend, filed this suit in the District Court of Cooke County seeking her release from such confinement. From an adverse order he seeks to bring the appeal to this court.

We are making no comment as to the procedure by which she is being confined. An effort was made to secure her release heretofore, as reflected in the opinion of the Court of Civil Appeals in Mozingo v. Mitchell, Tex.Civ.App., 220 S.W.2d 900. The attack was the same in that case as in the case at bar.

It is our view that the proceeding instituted in Cooke County, from which this appeal comes, was before a civil court and was treated in that court as a civil action, regardless of the validity of the statute under which it is brought. This being true the appeal should be directed to a proper court of civil appeals. Ex parte Green, 100 Tex.Cr.R. 180, 272 S.W. 161.

For the reason stated, the appeal is dismissed.