**Gerald PROCELLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38372.**

Court of Criminal Appeals of Texas.

June 23, 1965.

Rehearing Denied Oct. 20, 1965.

Second Motion for Rehearing Denied Dec. 1, 1965.

John W. O'Dowd, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, W. Louis White and Gus J. Zgouri-des, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is murder with malice; the punishment, life.

This is a companion case to that of Graves v. State, Tex.Cr.App., 382 S.W.2d 486 (cert. denied).

Appellant orally confessed that he was the driver of the automobile at the time of the robbery; that they only planned to rob the man and not to kill him; that they heard on the radio that Mr. Phillips, the deceased, was dead and they knew they had to get rid of the pistol and that he threw it into the bayou. A pistol was subsequently found by a diver at the place that had been pointed out by appellant. Also, a fingerprint on a paper bag left in the motel by Graves was identified as the right little finger print of the appellant.

The only allegation of the motion for new trial relating to misconduct in the jury room upon which a reversal could be predicated relates to a statement alleged to have been made by the Juror Gay to the other jurors to the effect that the defendant would definitely get out of the penitentiary sooner on a life sentence than he would on a twenty-five year sentence.

The motion for new trial alleged that the facts set out as jury misconduct and the receipt of evidence while deliberating were completely supported by the affidavit of his counsel "and will be further supported by the sworn testimony of Juror C. V. Gay, if and when he should be called upon to verify and substantiate the truth of the above stated facts."

On the day set for hearing on the motion for new trial the Juror Gay made affidavit:

"At no time during our deliberation was there any consideration given by any of the jurors, to my knowledge, to the length of time this defendant would have to serve in

the penitentiary because of the life sentence. We did not discuss nor consider the fact of parole or the possibilities of serving a shorter or longer period of time than the punishment assessed."

■ It has been the rule since Vyvial v. State, 111 Tex.Cr.R. 111, 10 S.W.2d 83, that a motion alleging that something improper transpired in the jury room, in order to be sufficient as a pleading, must be supported by the affidavit of a juror or some other person who was in a position to know the facts. See Brown v. State, 160 Tex.Cr.R. 150, 267 S.W.2d 819, 822 and cases cited.

■ Where the motion before the court was insufficient as a pleading in that it was not supported by the requisite affidavit of a member of the jury, the court's action in overruling such motion for new trial at any stage of the proceeding could not be assigned as error. Vowell v. State, 156 Tex. Cr.R. 493, 244 S.W.2d 214.

By the affidavit on information and belief of appellant's counsel he sought to invoke the exception to the above rule so as to permit him to call the juror, the source of his information and belief, to verify and substantiate the truth of his allegations, he having declined to make affidavit.

Juror Gay, the source of the "information and belief" of counsel for appellant, not only failed to verify and substantiate the truth of the allegations as to misconduct in the jury room but swore that no such misconduct or receipt of new evidence occurred.

When the affidavit of Juror Gay was brought to the attention of the court he found no necessity for hearing to allow appellant to "verify and substantiate the truth" of the facts alleged in his motion.

We find no abuse of discretion on the part of the trial judge.

Hearing was had upon the motion for new trial. Appellant's counsel announced ready and proceeded to prove that the subpoenas he had caused to issue for the Juror Gay and another juror and which had been served had been cancelled upon order of the trial judge and the witnesses excused.

The evidence that was heard by the trial court at the hearing on the motion for new trial was not upon the issue of whether there was jury misconduct, as alleged, but upon the question of whether the trial judge had erred in excusing the witnesses and refusing to hear evidence in support of such allegations.

■ In the absence of any verification of the allegations made on information and belief and of the affidavit of the alleged informant, we find no merit in the contention that the undisputed facts show that appellant was deprived of his constitutional right to a fair and impartial trial because of misconduct by the jury during their deliberations or to a free, fair and full presentation of his evidence in support of his allegations of jury misconduct.

The remaining claim of error relates to the insufficiency of the evidence to sustain the conviction and the failure of the trial court to charge on circumstantial evidence.

■ We find the evidence sufficient to sustain the conviction of the appellant as a principal with James Edward Graves in the murder during the commission of robbery. See White v. State, 154 Tex.Cr.R. 489, 228 S.W.2d 165.

The contention that a charge on circumstantial evidence was required is overruled.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

Appellant contends that we were in error in considering the affidavit made by Juror Gay on the day set for hearing on the motion for new trial because the same was taken before Joe S. Maida III, an Assistant District Attorney who participated in the

trial. Reliance is had upon Melton v. State, 78 Tex.Cr.R. 539, 182 S.W. 289, which holds that an affidavit taken before the State's counsel should not be considered by the trial court when offered at a hearing on a motion for new trial.

 When Juror Gay swore at the hearing that the affidavit made by appellant's counsel was untrue, such testimony rendered appellant's motion for new trial insufficient as a pleading and under the rule announced in Vowell v. State, supra, and the action of the court in overruling the motion at any stage of the proceeding could not be assigned as error.

Appellant's motion for rehearing is overruled.