**C. R. COOK, Fire Chief of the City of Houston, et al., Appellants,**

v.

**Walter H. NELIUS et al., Appellees.**

**No. 16200.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 23, 1973.

William A. Olson, City Atty., F. William Colburn, Senior Asst., Roy Ahrens, Asst., Houston, for appellants.

Dixie, Wolf & Hall, George C. Dixie, Houston, for appellees.

EVANS, Justice.

On March 24, 1973, the 177th District Court of Harris County, Texas, entered a judgment holding C. R. Cook in contempt and adjudging his punishment to be a fine of $500.00 and commitment in the county jail for a period of six months.

The proceedings in the District Court were based upon a suggestion of contempt filed on behalf of certain employees of the City of Houston Fire Department, charging the said C. R. Cook, Fire Chief of the City of Houston Fire Department with deliberate interference with the Court's judicial process by intimidating certain city employees who were testifying before the Grand Jury then in session.

In the District Court's judgment, it found the said C. R. Cook guilty of contemptuous interference with the Grand Jury's proceedings "beyond a reasonable doubt" and after fixing punishment as stated above, suspended and probated the jail commitment upon certain specified conditions.

The District Court's judgment then proceeded to direct Cook, who had resigned as Fire Chief immediately prior to the entry of judgment, and Cook's successors, who were not named, not to interfere with or hinder the Grand Jury investigation; it required that the employees who had filed the suggestion of contempt be reinstated to their former positions with the City of Houston Fire Department.

Appellants C. R. Cook, former Fire Chief of the City of Houston, and the City of Houston in its behalf and in behalf of J. M. Honea, acting Fire Chief of the City of Houston filed this as a direct appeal from said judgment and also have filed an application for temporary restraining order and alternatively for a writ of prohibition seeking to prevent the District Court from enforcing the judgment. Appellees have filed a motion to dismiss the appeal for want of jurisdiction.

Article 5, Section 6 of the Texas Constitution, Vernon's Ann.St., provides that the Courts of Civil Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts which shall extend to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction under such restrictions or regulations as may be prescribed by law.

■ This jurisdiction has not been extended by Statute. Article 1819, Vernon's Ann.Tex.Civ.St. This Court's jurisdiction is therefore limited to Civil cases. State v. Morris, 208 S.W.2d 701, Tex.Civ.App.—Waco (1948) writ. ref., n. r. e.

■ The 177th District Court of Harris County (formerly designated Criminal District Court No. 3 of Harris County, Article 1926–33, V.T.C.S., is given jurisdiction only with respect to criminal cases. Article 199, Sec. 174 and Sec. 177, V.T.C.S. It may, of course, issue such writs or orders as may be necessary or proper in aid of its jurisdiction. Article 1911a, V.T.C.S.

■ Since the contempt proceeding before the 177th District Court constituted a criminal, as distinguished from a civil case, this Court does not have jurisdiction. See also Beverly v. Roberts, 215 S.W. 975, Tex.Civ.App.—Amarillo (1919) n. r. h.; Ex Parte Jackson, 113 Tex. 58, 252 S.W. 149, (1923); Harbison v. McMurray, 138 Tex. 192, 158 S.W.2d 284 (1942); Tims v. Tims, 204 S.W.2d 995, Amarillo—Civ.App. (1947), writ ref.

The appeal is dismissed for want of jurisdiction, and the application for injunctive relief, and alternatively for prohibition, is denied.